BARKER v. BARKER.

(Filed November 1, 1904).

1. DIVORCE—*Alimony—Findings of Court—Fees—The Code, sec. 1291.*

Upon a motion for alimony it is sufficient for the court to find that the facts are as alleged in the answer and the affidavits filed in support of the motion.

2. DIVORCE—*Alimony—Notice—Findings of Court.*

No notice of a motion for alimony is necessary where it is alleged and the court finds it as a fact that the husband has abandoned the wife and is outside the state.

3. DIVORCE—*Alimony—Question for Court—Appeal.*

The amount of alimony to a wife is within the discretion of the trial judge and is not reviewable unless abused.

4. DIVORCE—*Appeal—Alimony Pendente Lite.*

An appeal lies from an order granting alimony *pendente lite.*

5. DIVORCE—*Injunction—Execution.*

Where alimony *pendente lite* is allowed the wife, and the husband appeals from such order, an injunction should be granted to stay execution against the property of the husband pending the appeal.

BARKER *v.* BARKER.

ACTION by John Barker against Dellia M. Barker, heard by *Judge C. M. Cooke,* at February Term, 1904, of the Superior Court of GUILFORD County. From an order awarding the defendant alimony *pendente lite* the plaintiff appealed. and from an order by *Judge T. J. Shaw* granting an injunction to stop the sale of the property and to stay the execution pending the appeal the defendant appealed.

*J. A. Barringer, G. S. Ferguson, Jr.,* and *W. P. Bynum, Jr.,* for the plaintiff.
*L. M. Scott* and *Steadman & Cook,* for the defendant.

### PLAINTIFF'S APPEAL.

MONTGOMERY, J. The plaintiff brought this action against the defendant for divorce, and she in her answer denied the allegations of the complaint and set up a cause of action against the plaintiff for a divorce from him, with a prayer for alimony pending litigation and an allowance to pay the expenses of litigation, including counsel fees. The complaint was filed at January Term, 1904, of Guilford Superior Court, and at February Term the defendant having filed her answer made a motion for alimony *pendente lite* and for an allowance to her attorneys to enable her to prepare and prosecute her suit, and an order was made at that term of the Court granting her the sum of $50 per month as alimony and $150 for the fees of her counsel.

The first exception which the plaintiff makes to the order is that the Court did not find the facts upon which it was made. The facts upon which such orders may be made are required to be found by the Judge under section 1291 of The Code. The language of The Code is as follows: "If any married woman shall apply to a Court for a divorce from the bonds of matrimony, or from bed and board with her husband, and shall set forth in her complaint such facts, which .

upon application for alimony shall be found by the Judge to be true and to entitle her to the relief demanded in the complaint." * * * In the statement of the case on appeal made up by the Judge it is stated that "The Court then proceeded to hear the motion upon the answer and affidavits offered by the defendant, and the affidavit offered and read by the plaintiff's attorney of one John Sockwell in regard to the extent and value of the property of the said plaintiff; after considering the affidavits and the hearing of the argument of counsel, found the facts to be as alleged in the answer and cross complaint and affidavits to be true, and adjudged that the defendant was entitled to alimony *pendent lite,* and a sufficient amount to pay reasonable attorneys' fees."

His Honor might have found the facts by particularly setting them forth *seriatim,* and in that manner it seems the plaintiff insisted that it should have been done. But his Honor's method was almost in the identical language of The Code. He found that the facts set forth in the complaint, answer and affidavits were true, and we can see from an inspection of those pleadings and affidavits that they contained allegations and averments which, if true, entitled her to the relief demanded in her answer. The exception cannot be sustained.

The second exception is that the order was contrary to law because the plaintiff was absent from North Carolina, and neither he nor his attorneys had notice of the motion for alimony. Five days' notice is prescribed by section 1291 of The Code as the time to be given before such order may be made. The defendant's counsel insist, however, that that rule of notice does not apply to motion made in open Court, but only to such as may be made in vacation. However that may be, in the second proviso in section 1291, it is written "that if the husband shall have abandoned his wife and left

the State, or shall be in parts unknown, or shall be about to remove or dispose of his property for the purpose of defeating the claim of his wife, no notice shall be necessary." The defendant in her affidavit had affirmed "that the plaintiff is now in Hot Springs, Ark., and has been for about thirty days; that the day after the filing of his complaint, to-wit, the 21st day of January, 1904, he left the State of North Carolina, stating that he would be absent from thirty to ninety days; that the defendant has good reason to believe and does believe that the plaintiff left the State for the purpose of defeating her in her claim for alimony at this term of the Court, for the want of five days' notice as required by law; that the plaintiff before leaving the State, for several months had been selling and disposing of his property, to-wit, cattle, hogs, grain and provender at the farm, and had been collecting money due him whenever he could make collections, and that he carried with him from this State a large amount of money, for the purpose of defeating her in her claim for alimony." The second exception is without merit.

The third exception was that the allowance was excessive. That matter was in the sound discretion of the Judge and is not reviewable on appeal unless there has been an abuse of discretion. *Moore v. Moore,* 130 N. C., 333. That officer is required to make such allowances as shall appear to him just and proper, having regard to the circumstances of the parties. He heard affidavits bearing upon the value of the plaintiff's property and made the order, and we cannot see any abuse of the discretion allowed him in the premises. If it is in fact so, the plaintiff has it in his power at any time to make application to a Judge to have such order modified or vacated. The exception is not sustained.

The fourth exception is disposed of under the discussion of the second.

No Error.

---

BARKER *v.* BARKER.

DEFENDANT'S APPEAL.

MONTGOMERY, J.  The plaintiff in this case had appealed from the order of the Judge, in which alimony *pendente lite* had been granted to the defendant, and the appeal perfected, except that the plaintiff and defendant were awaiting a time and place to be fixed by *Judge Cooke,* who granted the order, to make out the case on appeal.  In the interval the defendant issued execution upon the property of the plaintiff.  Under that execution the sheriff had levied upon the property of the plaintiff and had advertised it for sale to satisfy the execution.  The plaintiff was not allowed to give bond and stay the execution, and he appealed to *Judge Shaw,* after notice to the defendant, for an injunction to stop the sale of the property and stay the execution until the appeal could be heard by the Supreme Court.  Upon the hearing of the matter the injunction and restraint were ordered until the plaintiff's appeal could be heard, and from that order the defendant appealed.

The injunction was properly granted if an appeal lies from an order granting alimony *pendente lite.*  That question is settled in the affirmative in the case of *Moore v. Moore,* 130 N. C., 333.

No Error.