DALTON BARBOUR v. LEWPAGE CORPORATION, t/a PAGE
HOUSE RESTAURANT and WILLIAM H. PAGE

No. 732SC180

(Filed 19 December 1973)

**Malicious Prosecution § 10; Witnesses § 6— character — collateral issue — specific acts**

In a civil action for malicious prosecution based on a charge that plaintiff embezzled funds from a restaurant which he managed, the trial court committed prejudicial error in the admission of testimony by the restaurant hostess that the individual defendant had asked her to visit motels and meet men since the individual defendant's character was not directly at issue and could not be proved by specific acts of bad conduct.

APPEAL by defendant from *Tillery, Judge,* 9 October 1972 Session of Superior Court held in BEAUFORT County.

Civil action for malicious prosecution. In early March 1971 and for some time prior thereto plaintiff was an employee of the defendant corporation, serving as manager of its Page House Restaurant in Washington, N. C. As such he worked under the general supervision of the individual defendant (Page), who was president of the corporate defendant. On Tuesday morning, 2 March 1971, plaintiff failed to report for work. Page, on finding that plaintiff and certain cash receipts from the restaurant business were missing, signed a criminal complaint charging plaintiff with the felony of embezzling $500.00 belonging to the corporate defendant. The parties stipulated that in so doing he acted as agent of his codefendant and within the scope of his employment. Plaintiff was arrested on this charge, and after a preliminary hearing the District Judge entered a finding of probable cause against him. Subsequently, the grand jury returned a bill of indictment "Not a true bill," and plaintiff was released on 16 August 1971. Thereafter plaintiff instituted this action seeking recovery of compensatory and punitive damages.

The jury found that Page had sworn out the warrant maliciously and without probable cause, and awarded plaintiff $10,000.00 in compensatory damages. From judgment entered on the verdict against both defendants, defendants appealed.

*Frazier T. Woolard for plaintiff appellee.*

*McMullen, Knott & Carter by W. B. Carter, Jr. for defendant appellants.*

PARKER, Judge.

The evidence was such as to require a jury determination as to whether there was want of probable cause, and defendants' motions for directed verdict were properly denied. However, for errors in admissions of certain evidence there must be a new trial. We need refer only to one. At the close of defendants' evidence plaintiff recalled one of his witnesses, Mrs. Ruth Dixon. Mrs. Dixon had previously testified that she had been employed at the Page House Restaurant as hostess and cashier during the time plaintiff was manager. On redirect examination plaintiff's counsel asked her:

> Question: "Mrs. Dixon, has Bill Page [referring to the individual defendant] ever in any manner asked you for yourself or anybody else to visit motels and meet men?"

The court overruled defendants' timely objection, and the witness answered, "Yes, sir."

Appellants' contention that in admission of this testimony they suffered prejudicial error must be sustained. There was simply no excuse for such a question. The answer elicited was totally irrelevant to any issue properly raised at the trial. Defendant Page's character was not directly at issue, and "[w]here a person's character is only collaterally in issue, to allow it to be proved by specific acts of good or bad conduct would consume an unreasonable amount of time, distract the jury's attention from the real issues in the case, lead to acrimonious disputes, and unfairly surprise the opponent, who may be presumed to be ready to defend his own general reputation or that of his witnesses, but not to meet specific charges against either without notice." 1 Stansbury, N. C. Evidence, Brandis Revision, § 111. Nor can there be much question as to the prejudicial impact of the testimony in this case; the witness's unequivocally affirmative response came at the close of plaintiff's rebuttal evidence and was immediately underlined when defendants' counsel was forced to recall defendant Page to the stand to deny the accusation. No portion of the upcoming jury charge served to nullify this testimony, which remained fresh in the jurors' minds as they retired for deliberation.

While we hold that the admission of this evidence was error prejudicial to the defendants, had this been the only error at the trial it might not be considered sufficiently prejudicial

to warrant requiring a new trial. There were, however, other errors in the admission of evidence such that the cumulative effect, in our opinion, resulted in denying defendants a fair trial before the jury. However, we do not discuss appellants' other assignments of error, as the questions presented may not arise upon retrial.

New trial.

Judges CAMPBELL and VAUGHN concur.