BILL CLEMONS v. CARLYLE LEWIS

No. 7413DC562

(Filed 6 November 1974)

1. Trial § 16— motion to strike granted — motion for mistrial properly denied

In an action to recover $1500 which plaintiff allegedly loaned to defendant, the trial court did not err in denying plaintiff's motions for mistrial where the defendant and defense counsel commented that plaintiff was in jail on the day before the loan was allegedly made, plaintiff moved to strike that testimony, and the trial court instructed the jury to disregard the testimony.

2. Trial § 38— instructions — request properly denied

A refusal of a requested charge is not error where the instructions which are given fully and fairly present every phase of the controversy.

APPEAL by plaintiff from *Walton, Judge,* 5 November 1973 Session of District Court held in COLUMBUS County. Heard in the Court of Appeals 18 September 1974.

On 20 December 1972 plaintiff instituted this action to recover a sum of money, $1,500.00, which he allegedly loaned to the defendant. Plaintiff is in the "farming, trucking, combining and commercial work businesses—commercial work being the harvesting of soybeans for other people." Plaintiff testified that on 4 December 1972 defendant asked him for a loan of $1,500.00, and plaintiff gave defendant fifteen one hundred dollar bills which he took from his wallet. Plaintiff alleges that as a part of the consideration for the loan, the defendant agreed to let the plaintiff harvest his soybean crop. Plaintiff stated that he had $2,800.00 in cash and checks in his wallet that day. He often carried large sums of money "because I have trucks on the road which may need money when the banks are closed. I wire the money by Western Union for these tractor-trailer trucks when

Clemons v. Lewis

needed." The loan to defendant was interest-free. Plaintiff testified that he planned to recover the $1,500.00 when he harvested the defendant's soybeans. Plaintiff stated that he knew he could recover his loan from the proceeds of the sale of the defendant's crop because he had cut the defendant's crop in the past and was familiar with it. After he loaned the money to the defendant, plaintiff told his son, Russell Clemons, and one of his employees, Thomas Jefferson, to be sure to take his money out of the proceeds of the sale of the soybeans when they harvested the beans and transported them to market. Plaintiff alleges the defendant breached the agreement when he harvested his own beans and when he refused to repay the loan. Russell Clemons and Thomas Jefferson both testified that plaintiff told them to take $1,500.00 out of the defendant's crop; however, neither witnessed the loan. There is no instrument evidencing the loan agreement.

Defendant testified that he planted twenty-two acres of soybeans. Ten acres belonged to him while twelve acres belonged to his father. Defendant stated that on 4 December 1972 he asked Russell Clemons to cut his beans as soon as possible. On 20 December 1972 the defendant decided to cut his own soybeans. While the defendant was harvesting his beans, the plaintiff appeared and asked the defendant to repay the loan. This was defendant's first contact with the plaintiff concerning the loan. The defendant testified that he sold his ten acres of soybeans for $437.00.

The jury for its verdict found that plaintiff did not lend money to defendant. Plaintiff appealed.

*Ralph G. Jorgensen, for the plaintiff.*

*No counsel contra.*

BROCK, Chief Judge.

[1] The plaintiff contends the trial court committed error when it twice failed to grant the plaintiff's motions for a mistrial. Both the defendant and the defense counsel commented that the plaintiff was in jail on 3 December 1972. This was irrelevant to the subject matter of the action, and plaintiff correctly made motions to strike this testimony. The trial judge properly instructed the jury to disregard this testimony, but declined to grant plaintiff's motions for a mistrial. The plaintiff asserts that *Barbour v. Lewpage Corp.*, 20 N.C. App. 271, 201 S.E.

2d 221, supports his contention that the motions for a mistrial should have been granted. However, that case turned on the trial judge's *failure* to instruct the jury to disregard a prejudicial and incompetent remark. In 2 McIntosh, N. C. Practice 2d, § 1548, it is said:

> "The causes for which a mistrial may be ordered are varied and within the discretion of the court. It may be necessary on account of the sickness or other disability of the judge, juror, parties or counsel; or it may be necessary to prevent injustice, as where a party is taken by surprise after the trial has begun, or it is discovered that a juror is disqualified or there has been an improper remark or expression of opinion by the court, or abuse of privilege by counsel, or some misconduct on the part of the jurors or others, or when the jury fails to agree upon a verdict after reasonable time for deliberation."

The exercise of discretion is to be determined by a sound and enlightened judgment, and courts will not interfere unless discretion is abused. *Hensley v. Furniture Co.,* 164 N.C. 148, 80 S.E. 154 (1913). In the case at bar no abuse of discretion appears. Plaintiff's first assignment of error is overruled.

Plaintiff argues that the trial judge committed error when he charged the jury:

> "[W]hen one person loans to another a sum of money on condition that it is to be repaid, that amounts to what is known in law as a contract. A contract is an agreement between two or more parties on sufficient consideration to do or to refrain from doing a particular act. In order to constitute a valid contract, there must be an agreement of the parties upon the essential terms of the contract, definite within themselves or capable of being made definite, there must be an offer and an acceptance, a meeting of the minds; competent adults have the right to make any contract they want to make which is not contrary to law or public policy and the Court will not inquire as to whether it was a good contract or a bad one.

> "If one party loans to another a sum of money and the other party promises to repay that sum of money, the promise to repay is sufficient consideration to make the contract binding. I also charge you, Ladies and Gentlemen

of the Jury, that a contract to loan money or a promise to repay a loan is not required to be in writing."

At oral argument the plaintiff's counsel conceded that the charge was correct but argued that the charge confused the jury. This assignment of error is wholly without merit.

[2]  Finally the plaintiff contends that the trial court committed error when it failed to give a *falsus in uno falsus in omnibus* charge requested by the plaintiff. There is no authority in North Carolina supporting the plaintiff's contention. It is well settled that a refusal of a requested charge is not error where the instructions which are given fully and fairly present every phase of the controversy. *Muse v. Seaboard Air Line Railway Company*, 149 N.C. 443, 63 S.E. 102, 19 L.R.A. (N.S.) 453 (1908). This assignment of error is overruled.

It is our opinion that plaintiff had a fair trial free from prejudicial error.

No error.

Judges MORRIS and MARTIN concur.