ROBERT MICHAEL FUNGAROLI v. JUDITH DIANE FUNGAROLI

No. 7821DC442

(Filed 20 March 1979)

1. **Divorce and Alimony § 18.2— alimony pendente lite—supporting spouse out of state—no notice required**

   Where the supporting spouse abandons the dependent spouse and leaves the state, notice of hearing on motion for alimony pendente lite is not required nor is service on the supporting spouse's counsel of record required.

2. **Divorce and Alimony § 18.10— marital relationship—finding by court not required**

   Where both plaintiff and defendant alleged they were married to each other, their marital relationship was a judicially established fact and was not required to be stated by the court.

3. **Trial § 3.2— counsel unprepared for hearing—continuance properly denied**

   The trial court did not err in denying defendant's motion to continue a contempt hearing, though plaintiff's counsel stated that he had been employed only thirty minutes and was not prepared for the hearing, since plaintiff had had notice of the hearing for ten days, discharged his counsel three days before the hearing, and had sufficient time to employ new counsel.

APPEAL by plaintiff from *Tash, Judge,* and *Freeman, Judge.* Orders entered 1 March 1978 and 7 March 1978 in District Court, FORSYTH County. Heard in the Court of Appeals 5 February 1979.

On 21 December 1977, plaintiff sued for custody of the minor child of plaintiff and defendant. On the same date, plaintiff was

granted custody by an *ex parte* court order. On 18 February 1978, another *ex parte* order allowed defendant visitation privileges with the child. Still another *ex parte* order was issued 24 February 1978 for plaintiff to show cause why he should not be punished for contempt for violation of the order of visitation. Defendant answered 28 February 1978, counterclaiming for alimony and child custody. On 1 March 1978, defendant filed motion for alimony *pendente lite* and on that date a hearing was conducted, and plaintiff was ordered to pay alimony *pendente lite* to defendant. A hearing on the contempt order was held on 6 March 1978, and plaintiff was adjudged to be in contempt. Plaintiff appealed from the orders of 1 March 1978 and 7 March 1978.

*Morrow, Fraser & Reavis, by John F. Morrow, for plaintiff appellant.*

*Stephens, Peed & Brown, by B. Ervin Brown II, for defendant appellee.*

MARTIN (Harry C.), Judge.

Plaintiff first argues the alimony order is invalid as plaintiff was not given notice of the hearing. Defendant's counterclaim for alimony was filed 28 February 1978. At that time, plaintiff had already left the state of North Carolina with the minor child of the parties. On 21 February 1978, an order was issued by the Juvenile and Domestic Relations District Court of Fairfax County, Commonwealth of Virginia. This order stated plaintiff and the child were living at 7225 Braddock Road, Springfield, Virginia 22151. The petition of plaintiff in the Virginia court, filed 21 February 1978, alleged under oath that plaintiff and the child lived in Springfield, Virginia.

[1] The trial court, in its order of 1 March 1978, found as facts that plaintiff had left the state of North Carolina, taking with him the child of the parties; plaintiff had not supported defendant in any way since 21 December 1977; plaintiff was gainfully employed, being the co-owner of Ridgetop Records in Winston-Salem; that defendant has no income at all and no residence. The evidence before the court supported the findings of fact. These findings of fact support the conclusions of law by the court that plaintiff had abandoned defendant and left the state of North Carolina; that plaintiff was the supporting spouse and defendant

the dependent spouse. Where the supporting spouse abandons the dependent spouse and leaves the state, notice of hearing on motion for alimony *pendente lite* is not required. N.C. Gen. Stat. 50-16.8; *Barker v. Barker*, 136 N.C. 316, 48 S.E. 733 (1904). Plaintiff argues that where a party has counsel of record, notice is required to be given to counsel, even though the party has left the state. In *Barker, supra*, the facts are similar to this case. Plaintiff husband brought the action for divorce, defendant wife counterclaimed for alimony *pendente lite*, plaintiff husband left the state, and went to Hot Springs, Arkansas. Plaintiff had counsel of record. Section 1291 of the Code in effect in 1904 was substantially identical to the notice provision now found in N.C. G.S. 50-16.8. The Court held in *Barker* that notice of hearing was not required.

Service on an attorney of record is service on a party for the reason that the attorney is the agent of the party. If service is not required to be made on a party, it is not necessary to serve his attorney. N.C. Gen. Stat. 1A-1, Rule 5.

Plaintiff by his own conduct eliminated the necessity of service upon him of the notice. The assignment of error is overruled.

[2] Plaintiff contends the trial court's findings of fact and conclusions of law are insufficient. Plaintiff argues the court failed to find the existence of a marital relationship between plaintiff and defendant. Both plaintiff and defendant allege they are married to each other. This is a judicially established fact and is not required to be stated by the court. The findings of fact and conclusions of law by the court are sufficient to support the order for temporary alimony. Plaintiff failed to appear for the hearing and presented no evidence as to his expenses or income. The order of 1 March 1978 was in accord with N.C.G.S. 50-16. *Eudy v. Eudy*, 288 N.C. 71, 215 S.E. 2d 782 (1975). The assignment of error is overruled.

[3] Plaintiff argues the court erred in not continuing the 6 March 1978 contempt hearing. Plaintiff's counsel says he had been employed only thirty minutes and was not prepared for the hearing. Plaintiff had notice of the contempt hearing. Notice was mailed to plaintiff and his then counsel, G. Edgar Parker, on 24 February 1978. On 3 March 1978, plaintiff discharged Parker as his attorney. The court allowed Parker to withdraw as attorney on 6 March 1978. Plaintiff had sufficient time to employ new coun-

sel. The record indicates plaintiff was in Forsyth County on the day of the hearing. He contacted attorney Leslie G. Frye of the Forsyth County bar about 10:00 a.m. Plaintiff was referred to attorney John F. Morrow. He was able to talk with Morrow about 1:30 p.m. Yet plaintiff did not appear in court for the hearing.

Motions for continuance are addressed to the sound discretion of the trial court. They are not favored, and the party seeking a continuance bears the burden of showing sufficient grounds. N.C. Gen. Stat. 1A-1, Rule 40(b); *Shankle v. Shankle*, 289 N.C. 473, 223 S.E. 2d 380 (1976). Attorney Morrow made a statement in argument of his motion to continue, but failed to offer any evidence in support of his motion. The trial court had before it the evidence set out above. The chief consideration to be weighed in passing upon the motion to continue is whether the grant or denial will be in furtherance of substantial justice. *Id.* Plaintiff contends he was prejudiced by the denial of the continuance. Although he made an exception to the entry of the order of 7 March 1978 holding plaintiff in contempt, plaintiff does not attempt to argue any error in his brief with respect to that order. Plaintiff thereby abandoned the exception to the order. Rule 28(a), North Carolina Rules of Appellate Procedure; *State v. Wilson*, 289 N.C. 531, 223 S.E. 2d 311 (1976). We hold the court properly denied plaintiff's motion to continue.

The orders of 1 March 1978 and 7 March 1978 are

Affirmed.

Chief Judge MORRIS and Judge CARLTON concur.