ROBERT L. BROWN AND LINDA A. HOLT v. ROWE CHEVROLET-BUICK, INC. AND JAMES RIVENBARK

No. 8610SC1354

(Filed 16 June 1987)

Trial § 3.2— removal of attorney on day before trial—denial of continuance

The trial court did not err in denying the corporate defendant's motion at the beginning of trial for a continuance made on the ground that defendant was not afforded a reasonable opportunity to retain another attorney after defendant's counsel of record was disqualified and removed by the trial court on the day before trial where the evidence showed that defendant's counsel of record made efforts to secure other counsel for defendant some four months before trial because of a conflict but defendant failed to execute documents sent to it for that purpose and never responded to counsel's inquiries.

APPEAL by plaintiff from *McLelland, Judge.* Judgment entered 3 September 1986 in WAKE County Superior Court. Heard in the Court of Appeals 13 May 1987.

This cause of action arose out of a written asset purchase agreement between plaintiffs Robert L. Brown and Linda A. Holt and defendant Rowe Chevrolet-Buick (Rowe). Under the terms of that agreement, plaintiffs were to purchase certain assets of the Rowe dealership on the condition precedent that plaintiff Brown be approved by certain car manufacturers as a dealer for their automobiles. Pending the closing of this transaction, plaintiffs placed $50,000 in escrow with defendant Rivenbark serving as escrow agent. However, Brown was not approved as successor dealer by the date specified in the agreement, and plaintiffs notified Rowe of their withdrawal from the contract in accordance with its

terms. Plaintiffs also made demand upon Rivenbark for the return of the escrow funds. Rivenbark refused to return the deposit on the grounds that Rowe also claimed the funds. Plaintiffs sued for the return of the deposit with interest and also filed a motion to have defendant Rivenbark removed as escrow agent and as counsel of record for Rowe. Rivenbark's law partner, John W. Kirkman, Jr., filed a response to the motion on behalf of the firm, recognizing the potential conflicts and informing the court that he had made arrangements with other counsel to represent defendant Rowe until Rivenbark transferred the escrow funds to the Clerk of Court. The response further stated that defendant Rowe had not executed the documents or responded to any of Rivenbark and Kirkman's efforts to retain it other counsel.

The case was called for trial during the 2 September session. On 3 September, the court heard argument on the motion and upon Rowe's oral motion for a continuance. Still his client's attorney of record, John W. Kirkman, Jr., appeared for Rowe and Rivenbark. The court removed Rivenbark as escrow agent, disqualified and removed him and his firm as counsel of record for Rowe, denied Rowe's oral motion to continue and ordered the case to be tried at 9:30 the next morning, 4 September 1986.

When the case was called that morning, Brown and Holt appeared with their attorneys of record. Mr. B. T. Rowe, Jr., president of Rowe, was present on behalf of the corporation. He orally moved for a continuance on the grounds that he had no attorney, asserting that he only received notice of the trial at 4:00 the afternoon before and that he also had not known until that time that the corporate defendant would be without an attorney. The court denied Rowe's motion and the case was tried without a jury. The court awarded plaintiffs the relief requested, and defendant Rowe appealed.

*Underwood, Kinsey & Warren, P.A., by C. Ralph Kinsey, Jr.; and Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Nigle B. Barrow, Jr., for plaintiffs-appellees.*

*Larry E. Norman for defendant-appellant.*

WELLS, Judge.

Defendant's sole argument on appeal is that the court erred in denying defendant's request at the beginning of the trial for a

continuance. Rowe contends that it was not afforded a reasonable opportunity to retain the services of another attorney, having only been notified the afternoon before that its attorney was removed. We disagree.

N.C. Gen. Stat. § 1A-1, Rule 40(b) of the N.C. Rules of Civil Procedure provides:

> (b) No continuance shall be granted except upon application to the court. A continuance may be granted only for good cause shown and upon such terms and conditions as justice may require. Good cause for granting a continuance shall include those instances when a party to the proceeding, a witness, or counsel of record has an obligation of service to the State of North Carolina, including service as a member of the General Assembly.

Whether to grant a motion to continue is within the sound discretion of the trial court. *Shankle v. Shankle*, 289 N.C. 473, 223 S.E. 2d 380 (1985); *Doby v. Lowder*, 72 N.C. App. 22, 324 S.E. 2d 26 (1984). Where the attorney has given the movant no prior notice of intent to withdraw, the court has no discretion but must grant a reasonable continuance or deny motion to withdraw. *Williams & Michael, P.A. v. Kennamer*, 71 N.C. App. 215, 321 S.E. 2d 514 (1984). The general rule, however, is that the withdrawal of counsel on the eve of trial is not *ipso facto* grounds for continuance. *Shankle v. Shankle, supra.*

In the case at bar, the record contradicts Rowe's contention that it had no notice of withdrawal of its counsel. Rivenbark and Kirkman's response to plaintiffs' motion establishes that the firm made efforts on Rowe's behalf to secure other counsel as early as May 1986 but that Rowe never signed the documents or even responded to the firm's inquiries. The trial court's denial of a continuance was therefore a proper exercise of its discretion, and the judgment appealed from is

Affirmed.

Judges ARNOLD and ORR concur.