PICKARD ROOFING CO., INC., PLAINTIFF-APPELLEE v. STEWART G. BARBOUR, DEFENDANT-APPELLANT

No. 8814DC963

(Filed 18 July 1989)

1. **Trial § 3.2— continuance to obtain new counsel—counsel relieved of duties night before trial—denial of motion proper**

The trial court committed no abuse of discretion by refusing to grant defendant's continuance motion to obtain new counsel, since defendant relieved his counsel of his duties the night before trial was to begin.

2. **Interest § 2— breach of contract—award of prejudgment interest proper**

The trial court did not err in awarding prejudgment interest from 31 December 1985, the date of defendant's breach of a roofing contract as determined by the trial court, and there was no merit to defendant's contention that the amended version of N.C.G.S. § 24-5 was inapplicable to his case because the contract between the parties was entered into prior to

PICKARD ROOFING CO. v. BARBOUR

[94 N.C. App. 688 (1989)]

the 1 October 1985 effective date of the amendment which allowed the recovery of prejudgment interest on a contract action from the date of the breach, since the date for determining whether the 1985 amendment applies to any action is the date the action is commenced, not the date the contract was entered, and this action was instituted almost a year after the amendment became effective.

3. **Contracts § 21.1 — breach of roofing contract — findings of trial court sitting without jury supported by evidence**

In an action to recover on a contract for roofing services, the court on appeal was bound by the findings of the trial court, sitting without a jury, where there was some evidence that the parties entered into a contract, plaintiff provided the roofing work called for and submitted a bill, and plaintiff's demands for payment went unheeded.

APPEAL by defendant from *Hudson, Orlando B., Judge.* Judgment entered 19 April 1988 in District Court, DURHAM County. Heard in the Court of Appeals 11 April 1989.

Plaintiff instituted this action to collect a sum due for roofing work completed on defendant's real property. Following entry of judgment in plaintiff's favor, defendant gave notice of appeal.

*King, Walker, Lambe & Crabtree, by Daniel Snipes Johnson, for plaintiff-appellee.*

*Loflin & Loflin, by Thomas F. Loflin III and Ann F. Loflin, for defendant-appellant.*

JOHNSON, Judge.

On 2 July 1985 defendant signed a contract submitted by plaintiff Pickard Roofing Company (Pickard) for roofing work to be done on defendant's home. The contract was submitted pursuant to a conversation between the parties and a letter written to defendant outlining plaintiff's service and prices.

According to the contract, plaintiff contracted to do the following for a sum of $5,000.00:

Remove existing roofing and haul away all debris from premises.

Install multiple layers of insulation so as to add a fall of approximately 1/8″ per foot to the existing roof deck.

Over the installation, install a 4 Ply built-up roof using fiber glass felts and having a slag surface imbedded in hot asphalt.

Install new gravel stops of 26 gauge galvanized iron around perimeter of roof.

Install cants and built up base flashings around chimneys and at connecting point of flat roof to existing house.

Install metal counter flashings around chimneys.

Flash all penetrations through roof with new metal flashings.

Plaintiff completed the work on defendant's roof on or about 31 December 1985. The Company's demands for payment went unheeded and plaintiff instituted this action on 21 August 1986 to recover the sum of $5,446.05.

Defendant's first retained counsel, who represented him in the earliest pretrial matters, ceased to represent him for reasons the record does not disclose. Defendant then retained subsequent counsel who represented him on all remaining pretrial matters, including successfully opposing plaintiff's motion for summary judgment. On Sunday 17 April 1988, one day before the trial was scheduled to commence, defendant relieved his counsel of his duties. He informed him by letter that based upon their discussion of the previous Friday, he would "be more comfortable with a different attorney on this particular case." Defendant further stated in his letter that he

would therefore appreciate it if we could part company in an amicable manner tonight, and will ask that you stop by court tomorrow and arrange for your release as my attorney and a reasonable delay of 60 days or more, but not over 90, for me to prepare for a new trial.

Defendant's attorney then promptly filed a motion to withdraw as counsel on the following day in accordance with defendant's request. The court entered a brief order on 18 April 1988 permitting defendant's attorney to withdraw. Defendant's attorney also attempted to obtain a continuance for defendant as per his request. His motion was denied.

PICKARD ROOFING CO. v. BARBOUR

[94 N.C. App. 688 (1989)]

When the matter was called for trial on 19 April 1988, defendant appeared in his own behalf and made an oral motion to continue. In a written order filed 21 April 1988 the court denied the motion and made the following findings of fact:

8. Defendant has not acted with diligence in ascertaining any claimed need for a continuance and should have made a decision with respect to representation by counsel prior to the eve of trial.

9. No circumstances beyond the control of the defendant have prevented him from appearing in court with an attorney of his choice.

10. Plaintiff is ready and willing to proceed with this action and objects to the granting of any continuance.

11. The Defendant has not used due diligence and good faith in his request for continuance.

Defendant then proceeded to trial *pro se*, and waived a jury. At the conclusion of all the evidence, the court entered judgment for the plaintiff, specifically finding that plaintiff had fully performed its obligations under the contract. Defendant was then ordered to pay $5,446.05 plus interest at the legal rate from 31 December 1985, which the court determined to be the date the contract was breached. From this order, defendant appealed.

By this appeal, defendant brings forth five questions for review, one which involves the trial court's denial of his motion for a continuance, another concerning the award of prejudgment interest, and three which question the sufficiency of the evidence to support a judgment in plaintiff's favor and which shall be considered lastly and collectively.

[1] Defendant first contends that the key issue of his appeal may be whether his motion for a continuance was erroneously denied. Because we have previously stated the circumstances surrounding the request, we find no need to repeat them here.

G.S. sec. 1A-1, Rule 40(b) provides that "[n]o continuance shall be granted except upon application to the court. A continuance may be granted only for good cause shown and upon such terms and conditions as justice may require." A motion for a continuance is addressed to the sound discretion of the trial court, *Spence v. Jones*, 83 N.C. App. 8, 348 S.E. 2d 819 (1986), and is generally not favored, *Shankle v. Shankle*, 289 N.C. 473, 223 S.E. 2d 380

(1976). A court's ruling on a motion for a continuance is not reviewable absent a clear abuse of discretion. *Spence, supra.* The burden of showing sufficient grounds for a continuance rests with the party seeking it. *Shankle* at 482, 223 S.E. 2d at 386.

Defendant in the case *sub judice* overemphasizes the fact that his attorney was allowed to withdraw the day before the trial was scheduled to commence. He simultaneously de-emphasizes the reason why the attorney withdrew, because defendant terminated his employment. It is well established that an attorney's withdrawal from a case on the eve of trial is not *ipso facto* grounds for a continuance. *Shankle, supra; Brown v. Rowe Chevrolet-Buick*, 86 N.C. App. 222, 357 S.E. 2d 181 (1987). The cases which defendant advances to support his position can clearly be distinguished from the case *sub judice*. None of them involve a situation where counsel's withdrawal was necessitated by the party's decision to terminate his employment one day before the day on which the party knew his case was scheduled to be tried.

In *Smith v. Bryant*, 264 N.C. 208, 141 S.E. 2d 303 (1965), for instance, upon which defendant relies, our Supreme Court determined that the trial court erred by refusing to grant plaintiff's continuance where her attorney withdrew as counsel on the day set for trial without giving his client notice of his intent to do so because he had not been paid. *See also Underwood v. Williams*, 69 N.C. App. 171, 316 S.E. 2d 342 (1984) and *Roberson v. Roberson*, 65 N.C. App. 404, 309 S.E. 2d 520 (1983).

The facts in the case *sub judice* are much more analogous to those of *Fungaroli v. Fungaroli*, 40 N.C. App. 397, 252 S.E. 2d 849 (1979), where this Court affirmed the trial court's denial of plaintiff's request for a continuance because plaintiff, who had notice of the pending hearing, relieved his attorney of his duties three days before the hearing was scheduled, and retained substitute counsel only thirty minutes before the hearing began. *See also Rowe Chevrolet, supra.*

We therefore conclude that the trial court committed no abuse of discretion by refusing to grant defendant's continuance motion. Defendant's first Assignment of Error is overruled.

[2]  By his fourth question for review defendant argues that the trial court's award of prejudgment interest from 31 December 1985, the date of the breach as determined by the trial court, was

PICKARD ROOFING CO. v. BARBOUR

[94 N.C. App. 688 (1989)]

erroneous. In support of his argument he contends that the amended version of G.S. sec. 24-5 (1986) is inapplicable to his case because the contract between the parties was entered into on 2 July 1985, prior to the 1 October 1985 effective date of the amendment which allows for the recovery of prejudgment interest on a contract action from the date of the breach.

We meet defendant's argument with three principles. First, the important date for determining whether the 1985 amendment applies to any action is the date the action is commenced and not the date the contract was entered. *See Harwood v. Harrelson Ford, Inc.*, 78 N.C. App. 445, 337 S.E. 2d 158 (1985). Therefore, the amendment, effective 1 October 1985, and applicable to all claims except claims pending on that date, clearly applied to this action which was instituted 21 August 1986, almost a year after the amendment became effective.

G.S. sec. 24-5 (1986) provides that "[i]n an action for breach of contract, except an action on a penal bond, the amount awarded on the contract bears interest from the date of breach." Plaintiff completed the work on 31 December 1985. The company was not paid at this time, the due date. Defendant's failure to pay the amount owed when due constitutes breach of contract. *See Miller v. Ensley*, 88 N.C. App. 686, 365 S.E. 2d 11 (1988). It therefore follows that the due date or the date payment is demanded and the demand refused is the date of the breach. We can find no error.

[3] Assignments of Error two, three, and five question the sufficiency of the evidence to support judgment in plaintiff's favor.

Where a court sits without a jury a reviewing court is bound by the findings of fact entered where there is some record evidence to support them, although evidence may exist which supports findings to the contrary. *Lyerly v. Malpass*, 82 N.C. App. 224, 346 S.E. 2d 254 (1986). The trial judge solely weighs the evidence, the witnesses' credibilities, and the weight to be accorded their testimony. *Id.*

We have carefully reviewed the trial court's findings in this matter and find that we are bound by them. Therefore, defendant's Assignments of Error two, three, and five are overruled.

Affirmed.

Judges BECTON and ORR concur.