BOWERS v. OLF

[122 N.C. App. 421 (1996)]

━━━━━━━━━━

WILLIAM BLAINE BOWERS, JR., Plaintiff v. HEINZ GUNTHER OLF, Defendant

No. COA95-775

(Filed 21 May 1996)

## 1. Trial § 23 (NCI4th)— denial of continuance—no error

In plaintiff's action to recover for personal injuries sustained in an automobile accident, the trial court did not err in denying plaintiff's two motions to continue because he was unprepared to present all the necessary medical testimony concerning his treating physician's prognosis for his future condition, since the evidence tended to show that all the physicians who saw plaintiff testified at trial and offered their opinions that plaintiff's condition was permanent; the jury was instructed that plaintiff's damages could include future medical expenses, future pain and suffering, and future lost wages; and the jury was instructed on damages for permanent injury.

**Am Jur 2d, Continuance §§ 8 et seq.**

**2. Evidence and Witnesses § 878 (NCI4th)— plaintiff's statements about pain—exclusion not error**

The trial court in a personal injury action did not err in its refusal to allow testimony concerning statements made by plaintiff to a third party concerning pain that he had suffered as a result of his injuries, since the witness in question could not testify to specific statements or complaints he had heard, and there was other significant testimony with regard to plaintiff's statements about his pain.

**Am Jur 2d, Witnesses §§ 20, 23, 26, 28.**

**Admissibility in civil action, apart from res gestae, of lay testimony as to another's expressions of pain. 90 ALR2d 1071.**

**3. Trial § 302 (NCI4th)— substance of requested instruction given—no error**

The trial court did not err in its refusal to instruct the jury pursuant to plaintiff's request where the jury was fully and properly instructed, and the court included the substance of plaintiff's instruction.

**Am Jur 2d, Trial §§ 1092 et seq.**

Appeal by plaintiff from order signed 8 May 1995 and judgment signed 4 May 1995 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 28 March 1996.

*E. Gregory Stott for plaintiff-appellant.*

*Bailey & Dixon, L.L.P., by Kenyann G. Brown, for defendant-appellee.*

JOHNSON, Judge.

On 27 June 1990, at approximately 6:00 p.m., plaintiff was operating a 1983 Datsun automobile in a southerly direction on Kildaire Farm Road in the Town of Cary, North Carolina. At that time and place, plaintiff slowed his vehicle in response to traffic that was stopped ahead of him in his lane of travel. Defendant Heinz Gunther Olf negligently drove his vehicle into the rear end of plaintiff's automobile, thereby propelling it into the rear end of the automobile stopped ahead of plaintiff's vehicle.

Plaintiff alleged that he sustained serious, painful and permanent personal injuries due to the collision. Plaintiff instituted this action on 24 May 1993, seeking damages for injuries allegedly sustained in the accident. Plaintiff offered testimony of his treating physicians and various other lay witnesses in support of his claim for personal injuries.

Plaintiff's testimony at trial consisted of the following: "I broke my foot from the pedal [sic] . . . . And I ended up with what I thought was something minor at the time—the usual soreness or whatever from the wreck—in that I ended up with a back problem that just kept on and on and on and on." Immediately following the accident, due to pain in his back and right leg, plaintiff began treatment with chiropractor John B. Yancho, whom he had seen prior to the accident for a dislocated shoulder.

Dr. Yancho testified that he performed x-rays which revealed subluxations in plaintiff's lumbar spine. In addition, Dr. Yancho testified that his preliminary diagnosis was "segmental dysfunctional sacroiliac and lumbar spine and segmental dysfunction of the cervical spine." X-rays of plaintiff's foot taken at Dr. Yancho's office revealed no broken bones. Plaintiff saw Dr. Yancho on approximately 120 occasions between June 1990 and the time of trial, at a total cost of $7,058.00. At trial, Dr. Yancho testified that his diagnosis of plaintiff had not changed since plaintiff's initial visit, that plaintiff's injuries were caused by the accident, and that, in his opinion, the injuries were permanent. When asked about his prognosis for plaintiff's condition, Dr. Yancho testified that he did not know what results would be obtained by plaintiff's prolotherapy. Therefore, he was unable to provide a conclusive future prognosis.

Because of the pain in plaintiff's foot, Dr. Yancho referred plaintiff to Dr. Milner, a podiatrist. Plaintiff saw Dr. Milner approximately four to five times, and his foot problem was resolved. Plaintiff also consulted Dr. Lee Whitehurst, an orthopaedist, regarding his back pain. At trial, Dr. Whitehurst testified that plaintiff first visited his office on 9 November 1990. He further testified that at the time, plaintiff's motor and reflex functions were normal. Dr. Whitehurst also testified that he reviewed the spinal x-rays taken by Dr. Yancho, and that these x-rays were in no way abnormal.

Dr. Whitehurst examined plaintiff further on 12 March 1992. At that time, Dr. Whitehurst reviewed additional x-rays and plaintiff's MRI, both of which were normal. He performed a test in which plain-

tiff's big toe was moved, producing pain. Dr. Whitehurst in his deposition testified that this test should not produce pain, and that "if the patient relates that it does cause the back pain, it indicates that despite the examiner's best attempts, the patient either did not understand the question or was trying to mislead the examiner." According to Dr. Whitehurst, his examination of plaintiff on 12 March 1992 revealed no abnormalities in plaintiff's back or hip. Dr. Whitehurst testified that plaintiff had reached maximum medical improvement at that time and that "I did not think that there would be any other benefits from medical modalities . . ." from that time forward. Dr. Whitehurst further testified that he found nothing in March 1992 which would preclude plaintiff from working at a desk job or performing routine activities such as mowing the lawn or gardening. Finally, Dr. Whitehurst testified that, in his opinion, ongoing chiropractic treatment was unnecessary and that plaintiff needed no further medical treatment of any kind.

Plaintiff began treatment with Dr. Alan Spanos on 27 April 1993. Dr. Spanos' office treated plaintiff with acupuncture through 8 October 1993. Finally, plaintiff began treatment with Dr. Dennis Fera on 17 February 1995. Dr. Fera's treatment consisted of a series of injections into plaintiff's sacroiliac ligaments, known as "prolotherapy." Dr. Spanos had recommended such treatment to plaintiff in August 1993; however, the closest physician performing this treatment at that time was in Georgia.

At his videotaped deposition, Dr. Spanos testified on direct examination as follows:

Q:  Dr. Spanos, based upon your knowledge of this type condition, I would ask you what is the likelihood of Mr. Bowers ever effectuating a complete recovery from his injuries?

. . .

A:  I really don't know. In the absence of prolo therapy, I would say confidently that he couldn't get better, but I have no idea what the success rate or the extent of success on prolo therapy is in a case like his.

In addition, Dr. Fera testified as follows on direct examination:

Q:  Okay. What is the probability of or likelihood of a complete recovery, Mr. Bowers effectuating a complete recovery from his injuries?

. . .

A: That is, it is very unlikely. As a general rule there will be about 75 to 80% improvement in symptomatology and level of functioning but again that is a general rule. People are individuals, they respond differently. . . .

Plaintiff's medical bills, which were introduced into evidence at trial, totalled $12,660.61. In addition, plaintiff testified that he had missed a total of 1145.8 hours from work through March 1994, and that his hourly rate was $30.00 per hour. Plaintiff testified that he missed this time from work "[i]n some cases because I just didn't work. I hurt too much. A lot of cases, it was trying to seek medical attention to try and resolve these problems."

This case was calendared for trial, at plaintiff's request, during the 1 May 1995 civil session of Wake County Superior Court. On 2 March 1995, plaintiff filed a motion to continue the action from the 1 May 1995 trial calendar on the grounds that plaintiff had begun a new treatment program with Dr. Fera during February of 1995 which would not be completed until after the trial date. Subsequently, on 26 April 1995, plaintiff filed a second motion to continue on the same grounds. Each of these motions was denied, and the action was tried during the 1 May 1995 session.

At the conclusion of the trial, plaintiff's sole request for jury instructions was a written request for N.C.P.I.—Civil 106.42, the pattern jury instruction regarding permanent injury. In response to the court's inquiry as to requested instructions at the charge conference, plaintiff's attorney stated, "That - that's the standard instructions that I just—I do have a permanency instruction I would tender to the court, which is just copied out of the book with the correct numbers in it." Plaintiff made no other oral or written request for jury instructions prior to the court's charge. In its charge to the jury, the court included instructions, over defendant's objection, regarding permanent injury, future medical expenses, future pain and suffering, and future lost wages.

Prior to trial, plaintiff and defendant had stipulated as to defendant's liability; therefore, the sole question submitted to the jury was the issue of damages. This issue was submitted to the jury and answered as follows: "What amount is the plaintiff, William Blaine Bowers, Jr., entitled to recover for personal injuries? Answer: $20,000.00." Judgment was entered on the verdict on 4 May 1995.

Plaintiff's subsequent motion to set aside the verdict and motion for a new trial were denied. Plaintiff filed notice of appeal from the judgment and from the order denying his motion for a new trial, assigning as error the court's denial of his motions to continue, the court's exclusion of certain testimony offered by plaintiff, the court's admission of certain testimony of defendant Olf, and the court's failure to include N.C.P.I.—Civil 106.49 in its charge to the jury.

**[1]** Plaintiff first argues that the trial court erred in its denial of his two motions to continue because he had begun a new treatment program for the injuries that he had sustained as a result of the accident. We find this argument to be unpersuasive.

North Carolina General Statutes § 1A-1, Rule 40(b) (1990) provides:

> No continuance shall be granted except upon application to the court. A continuance may be granted only for good cause shown and upon such terms and conditions as justice may require.

A motion to continue is generally not favored, and is within the trial court's sound discretion. *Pickard Roofing Co. v. Barbour*, 94 N.C. App. 688, 381 S.E.2d 341 (1989). "A court's ruling on a motion for a continuance is not reviewable absent a clear abuse of discretion. The burden of showing sufficient grounds for a continuance rests with the party seeking it." *Id.* at 692, 381 S.E.2d at 343 (citation omitted). Additionally, our Supreme Court has stated that:

> [i]n passing on the motion [for continuance] the trial court must pass on the grounds urged in support of it, and also on the question whether the moving party has acted with diligence and in good faith. . . . [S]ince motions for continuance are generally addressed to the sound discretion of the trial court . . . a denial of the motion is not an abuse of discretion where the evidence introduced on the motion for a continuance is conflicting or insufficient. . . . The chief consideration to be weighed in passing upon the application is whether the grant or denial of a continuance will be in furtherance of substantial justice.

*Shankle v. Shankle*, 289 N.C. 473, 483, 223 S.E.2d 380, 386 (1976).

After a careful review of the record, we find that the trial court did not abuse its discretion. Plaintiff's argument is that he needed additional time because of a new treatment regimen and that it would not be concluded prior to the 1 May 1995 trial date. He argued that he

was "unprepared to present all of the necessary, relevant and very important medical testimony concerning his treating physician's prognoses for his future condition." However, the evidence shows that of all the physicians that plaintiff saw between the June 1990 accident and the May 1995 trial, that three of his doctors testified at trial and offered their opinions that plaintiff's condition was permanent; that the jury was instructed that plaintiff's damages could include future medical expenses, future pain and suffering, and future lost wages; and that the jury was instructed on damages for permanent injury. Thus, plaintiff has failed to show any prejudice based on the denial of his motions to continue, or any abuse of discretion by the trial court. Therefore, the trial court did not err in denying plaintiff's motions to continue.

[2]  Plaintiff next argues that the trial court erred in its refusal to allow testimony concerning statements made by plaintiff to third parties concerning pain that he had suffered as a result of the injuries sustained in the automobile accident. We find this argument to be without merit.

It is well-established that "[s]tatements as to then existing pain or other physical discomfort, though hearsay, are admissible whenever the physical condition of the declarant is relevant. Anyone who hears a declaration of pain or present physical condition may testify to it." *Roberts v. Edwards*, 48 N.C. App. 714, 718-19, 269 S.E.2d 745, 748 (1980) (citations omitted). *See also Potts v. Howser*, 274 N.C. 49, 161 S.E.2d 737 (1968). Nevertheless, our Courts have also repeatedly held that "[n]ot every erroneous ruling on the admissibility of evidence . . . will result in a new trial." *Board of Education v. Lamm*, 276 N.C. 487, 492, 173 S.E.2d 281, 285 (1970). The moving party has the burden to show not only that the trial court erred, but also to show that he or she was prejudiced and that a different result would have likely resulted had the error not have occurred. *Hasty v. Turney*, 53 N.C. App. 746, 750, 281 S.E.2d 728, 730 (1981).

In the instant action, the evidence shows that witness Donald L. Tew could not testify to specific statements or complaints that he had heard. He had only two general recollections. Further, other witnesses testified for plaintiff who were allowed to provide specific testimony about plaintiff's pain and physical condition. Additionally, Mr. Tew's excluded statement that "[plaintiff] was under a new treatment with the doctor. And he was hoping that it would alleviate the pain, that it was just bothering him constantly," was introduced on other

occasions: through plaintiff's testimony regarding the new treatment he was receiving from Dr. Fera; through Dr. Spanos' testimony regarding his referral of plaintiff to Dr. Fera; through the testimony of Dr. Fera himself; and through the testimony of plaintiff's witness Thomas J. Gelm, who testified that plaintiff "always seems to be limping and hurting. And he told me he was getting some new treatment, some different kind of a treatment." Thus, it is clear that any testimony that Mr. Tew could have provided would have been of "negligible import when compared with other testimony." *Dolan v. Simpson*, 269 N.C. 438, 443, 152 S.E.2d 523, 526 (1967).

Plaintiff's third argument is that the trial court erred in the admission of the testimony of defendant Heinz Gunther Olf concerning the skid marks left at the scene of the accident. This argument, however, is deemed abandoned since plaintiff failed to cite any authority in support of the argument. N.C.R. App. P. 10(b)(1). *See also State v. Figured*, 116 N.C. App. 1, 14, 446 S.E.2d 838, 846 (1994), *disc. review denied*, 339 N.C. 617, 454 S.E.2d 261 (1995). Furthermore, since the amount of damages was the only issue in the case, and defendant has stipulated to liability, this argument is irrelevant and could not have prejudiced or affected the outcome of the trial.

Plaintiff next argues that the trial court erred in allowing the testimony of defendant that he was not injured in the automobile accident. Once again plaintiff has failed to offer any supporting authority for his objection in accordance with N.C.R. App. P. 10(b)(1), thus this argument is deemed abandoned.

[3] Plaintiff also argues that the trial court erred in its refusal to give instruction to the jury—that the jury was to consider only matters in evidence pursuant to the pattern jury instruction N.C.P.I. 106.49 despite his having submitted a written request.

The evidence shows that prior to the trial court's charge to the jury, plaintiff had only requested N.C.P.I. 106.42 entitled "Permanent Injury." However, at the conclusion of the jury charge plaintiff requested N.C.P.I. 106.49. "It is well settled that a refusal of a requested charge is not error where the instructions which are given fully and fairly present every phase of the controversy." *Clemons v. Lewis*, 23 N.C. App. 488, 491, 209 S.E.2d 291, 293 (1974). Moreover, out Courts have held that "the trial court's charge to the jury must be construed contextually and isolated portions of it will not be held prejudicial error when the charge as a whole is correct." *Rowan County Bd. of Education v. U.S. Gypsum Co.*, 103 N.C. App. 288, 308,

**AL SMITH BUICK CO. v. MAZDA MOTOR OF AMERICA**

[122 N.C. App. 429 (1996)]

407 S.E.2d 860, 871 (1991), *aff'd in part and review improvidently granted in part*, 332 N.C. 1, 418 S.E.2d 648 (1992) (quoting *State v. Boykin*, 310 N.C. 118, 125, 310 S.E.2d 315, 319 (1984)).

In the instant case, the jury was fully instructed about personal injury damages, including instructions regarding past, present, and future medical expenses, loss of earnings, and pain and suffering, as well as instructions on permanent injury and on proximate cause. It is unquestionable that the trial court included the substance of plaintiff's instruction. Thus, the trial court is not "required to use the precise language of the tendered instruction '. . . so long as the substance of the request is included in language which doesn't weaken its force.'" *Emerson v. Carras*, 33 N.C. App. 91, 97, 234 S.E.2d 642, 647 (1977) (quoting *King v. Higgins*, 272 N.C. 267, 270, 158 S.E.2d 67, 69 (1967)). Plaintiff's suggestion that the jury failed to consider the amount of lost wages he suffered, or alternatively considered that he was paid sick leave from his job, is unpersuasive. Accordingly, the trial court did not err, and plaintiff is not entitled to a new trial on this basis.

Plaintiff's remaining arguments are that the trial court erred in signing the entry of judgment entered on 4 May 1995, and that the trial court erred in its denial of his motion to set aside the verdict and motion for a new trial. These arguments are also without merit for the reasons stated herein.

Accordingly, plaintiff received a fair trial, free from prejudicial error.

No error.

Judges WYNN and WALKER concur.