WILLIE ROBERSON, JR. v. DOROTHY ROBERSON

No. 8214SC1354

(Filed 6 December 1983)

1. Trial § 3.2— denial of motion for continuance—no abuse of discretion

The trial court did not abuse its discretion in denying the respondent's motion for a continuance where the evidence tended to show that three weeks before the alternate trial date, respondent chose to allow her attorney of record to withdraw so that she could find more suitable counsel; that at the time respondent's counsel was allowed to withdraw, it was indicated to the court that respondent had already been in contact with other attorneys; that

respondent was informed that she would have three weeks to locate new counsel; and that three weeks was ample opportunity to retain new counsel and respondent failed to do so.

**2. Rules of Civil Procedure § 38— failure to make timely demand for jury trial**

The trial court did not err in denying respondent's motion for a jury trial where (1) respondent waived her right to a jury trial by failing to make a timely demand pursuant to G.S. 1A-1, Rule 38, and (2) since respondent would have only been entitled to a jury trial on the issue of the statute of limitations, and the case was not decided on that issue.

APPEAL by respondent from *Braswell, Judge*. Order entered 27 July 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 17 November 1983.

Petitioner filed for partition by sale pursuant to G.S. 46-1 et seq. of a house and lot at 1201 North Mangum Street in Durham owned by petitioner and respondent as equal tenants in common. Respondent, then represented by counsel, filed an answer and counterclaim wherein she admitted that the real estate was owned by petitioner and respondent as co-tenants but denied that petitioner had a right to partition as said parties by agreement, express and implied, had agreed that respondent could live on the property for her lifetime or as long as she desired to do so. She counterclaimed that petitioner owed her certain monies and requested that an accounting be ordered to determine the exact amount owed. Petitioner denied the allegations of the counterclaim.

On 6 July 1982, the court allowed Eugene C. Brooks, III to withdraw as respondent's attorney of record and continued the case until 26 July 1982 so that respondent would have an opportunity to retain new counsel. According to the court's order, respondent had spoken with other attorneys about her case who advised her that she could seek a jury trial and could plead certain other matters. Mr. Brooks apparently disagreed with such advice.

Prior to the entry of the 6 July 1982 order, petitioner filed a motion for leave to amend his answer so as to plead the statute of limitations in bar of the counterclaim. On 26 July 1982, respondent made an oral motion to have the case continued which the court denied. The next day, the court allowed petitioner's motion to amend. The trial was then held, after which the court ordered

that the real estate be partitioned by sale, and that respondent receive an additional $1,000.00 from petitioner's share of the proceeds to satisfy monies due her by petitioner. From this order, respondent appealed.

*Maxwell, Freeman, Beason & Morano, by James B. Maxwell and Homa J. Freeman, Jr., for petitioner appellee.*

*Holleman and Stam by Paul Stam, Jr., for respondent appellant.*

ARNOLD, Judge.

[1] In her first argument, respondent contends the court erred in denying her motion to continue, thereby forcing her to proceed to trial without counsel. The evidence shows respondent was without counsel from 6 July 1982 until 27 July 1982 and had unsuccessfully attempted to obtain an attorney in the interim. In support of her motion for continuance, respondent offered a letter from her physician that was almost four weeks old.

It is well established that a motion for continuance is addressed to the sound discretion of the trial court, and its ruling thereon will not be disturbed in the absence of a manifest abuse of discretion. *In re Coley,* 53 N.C. App. 318, 280 S.E. 2d 770 (1981). "Continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it." *Shankle v. Shankle,* 289 N.C. 473, 223 S.E. 2d 380 (1976).

Respondent relies almost entirely on the case of *Shankle v. Shankle, supra,* however the facts of that case are clearly distinguishable. In *Shankle,* respondents' counsel withdrew from the case and departed from the courtroom on the day of the trial. Respondents had no way of knowing this was going to happen and were faced with circumstances beyond their control. The court held respondents were entitled to a continuance and ordered the cause remanded for a new trial.

In contrast, the record in the present case discloses that three weeks before the ultimate trial date, respondent chose to allow her attorney of record to withdraw so that she could find more suitable counsel. At the time respondent's counsel was allowed to withdraw, it was indicated to the court that respondent had already been in contact with other attorneys. Respondent

was informed that she would have three weeks to locate new counsel. Thus, respondent was given ample opportunity to retain new counsel yet failed to do so. In light of this, we do not believe the court abused its discretion in denying respondent's motion for a further continuance.

Furthermore, the fact that petitioner had a pending motion for leave to amend his answer to the counterclaim at the time the motion for continuance was denied does not compel us to find an abuse of discretion. The amendment contained no allegations of fact and did not set up a new cause of action but merely set forth a further defense based upon matters already in the pleadings. The motion for leave to amend was filed 1 July 1982; therefore, respondent was given sufficient time to prepare a response to the proposed amendment.

[2]   Secondly, respondent argues the court erred in denying her a jury trial on her equitable defenses and counterclaims. The record shows respondent did not make a timely demand for trial by jury pursuant to Rule 38 of the North Carolina Rules of Civil Procedure. By failing to demand such a trial in accordance with Rule 38, respondent waived her right to a jury trial. *Sykes v. Belk*, 278 N.C. 106, 179 S.E. 2d 439 (1971).

Assuming arguendo that respondent made a timely request for a jury trial with respect to petitioner's amendment, she would only have been entitled to a jury trial on the issue of the statute of limitations. Since this case was not decided on the issue of the statute of limitations, the refusal to grant a jury trial on such issue was harmless error.

In her third argument, respondent contends the court erred in excluding evidence which would have shown that petitioner was equitably estopped from seeking to partition the property in question. To estop a co-tenant from partitioning a piece of property, there must be an express or implied contract or agreement waiving the right to partition. *Kayann Properties, Inc. v. Cox*, 268 N.C. 14, 149 S.E. 2d 553 (1966). In the present case, there is no evidence of any such agreement or contract between the parties, nor is there any indication in the record that any evidence was excluded which tended to show such an agreement. The order of the trial court is

Affirmed.

Judges HILL and EAGLES concur.