COUNTY OF WAYNE EX REL. JANICE SCANES v. CLIFTON JONES

No. 858DC984

(Filed 18 February 1986)

**1. Attorneys at Law § 6— withdrawal of attorney—continuance properly denied**

There was no merit to defendant's argument that the district court erred in denying his motion for a continuance since defendant did not have adequate time to obtain new counsel after his attorney's withdrawal where it appeared that defendant told his attorney that he did not require his services any longer, which constituted just cause for the attorney's withdrawal; defendant received reasonable notice of his attorney's withdrawal as evidenced by his statement in court that he did not want a lawyer; and it could be concluded from the court's findings and order permitting counsel's withdrawal that the court gave its permission for such withdrawal.

**2. Bastards § 5— paternity and child support case—leading questions proper**

In a paternity and child support case, defendant was not prejudiced by the trial court's permitting plaintiff's counsel to ask leading questions concerning the witness's degree of certainty of the identity of her child's father, since there was overwhelming medical evidence tending to show beyond a reasonable doubt that defendant was the child's father.

**3. Bastards § 9— child support ordered—sufficiency of findings**

The trial court's findings with regard to defendant's income were sufficient to support its order requiring defendant to pay $40 per week for the support of his child.

APPEAL by the defendant from *Setzer, Judge.* Judgment entered 24 April 1985 in District Court, WAYNE County. Heard in the Court of Appeals 5 February 1986.

The plaintiff Wayne County instituted this action seeking an adjudication that the defendant is the natural father of an illegitimate minor child and seeking an order requiring the defendant to pay child support. When the case first came on for hearing on 10 April 1985 the defendant's attorney did not appear in court but was represented by his partner who requested a continuance. At that time the defendant stated that he did not want an attorney. The court continued the case until 24 April 1985.

On 23 April 1985 the defendant's attorney made a motion for leave to withdraw from the case, citing the defendant's consent as justification. The case proceeded to trial on 24 April with the defendant unrepresented by counsel. The defendant's motion for a

continuance to obtain new counsel was denied. In an order signed 24 April 1985 the defendant was adjudged the child's natural father and was ordered to pay child support and hospital bills. On 25 April 1985 the court entered an order granting the defendant's attorney's motion for permission to withdraw. The defendant appealed.

*Baddour, Lancaster, Parker & Keller, by E. B. Borden Parker for plaintiff appellee.*

*Tom Barwick for defendant appellant.*

WEBB, Judge.

[1] The defendant first argues that the district court erred in denying his motion for a continuance since the defendant did not have adequate time to obtain new counsel after his attorney's withdrawal. The defendant contends that because his attorney's withdrawal violated Rule 16, General Rules of Practice for Superior and District Courts, the court should have allowed the defendant time to secure a new attorney. We disagree.

Rule 16 states in part:

No attorney who has entered an appearance in any civil action shall withdraw his appearance, or have it stricken from the record, except on order of the court. Once a client has employed an attorney who has entered a formal appearance, the attorney may not withdraw or abandon the case without (1) justifiable cause, (2) reasonable notice to the client, and (3) the permission of the court.

It appears from the record that the defendant in this case told his attorney that he did not require his services any longer, which constitutes just cause for the attorney's withdrawal within the meaning of the rule. The defendant received reasonable notice of his attorney's withdrawal as evidenced by the defendant's statement in court that he did not want a lawyer. Finally, it is evident from the court's findings in the 24 April order that the court knew the defendant's attorney intended to withdraw and that the defendant intended to proceed unrepresented. This coupled with the order signed on 25 April indicate that the court gave its permission for counsel's withdrawal. This assignment of error is without merit.

[2] The defendant next contends that he was denied a fair trial by the district court's permitting the plaintiff's counsel to ask numerous leading questions of the plaintiff's witness. Again, we disagree.

It is the general rule that it is within the sound discretion of the trial judge to allow the use of leading questions on direct examination. *State v. See*, 301 N.C. 388, 271 S.E. 2d 282 (1980). The leading questions in this case all concerned the witness' degree of certainty of the identity of her child's father. We perceive no prejudice resulting from this use of leading questions in light of the overwhelming medical evidence tending to show beyond a reasonable doubt that the defendant is the child's father. This assignment of error is without merit.

[3] Finally, the defendant argues that the district court's order must be remanded because it is based upon findings of fact unsupported by evidence in the record. We disagree.

In finding of fact #3 the court states "[t]he Court on April 10, 1985 recommended to the defendant that he talk to [his attorney] or seek other counsel." While this finding is not supported by the record and the court erred in including it in its order, the finding is not relevant to the present action. In finding of fact #8 the court states that "[the defendant] is essentially self-employed and earns more than $20,000 per year." There is some evidence to support this finding in the testimony of the child's mother that the defendant once told her that he made over $22,000 per year. The defendant testified that his gross income totalled approximately $20,000 per year but that after paying his sole employee and meeting other business expenses his actual income was approximately $12,000. The court found that the defendant "has substantial bills for his business and his living expenses." The record discloses from the defendant's own testimony that he has net income of approximately $12,000 per year. While the findings made by the trial court could be more definite, we hold the findings are sufficient to support the order that the defendant pay $40 per week for the support of his child. The order appealed from is affirmed.

Affirmed.

Chief Judge HEDRICK and Judge PARKER concur.