APRIL PEED CUMBO, Plaintiff
v.
DONALD RAY CUMBO, Defendant.
No. COA08-574
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication
Mills & Economos, L.L.P., by Larry C. Economos, for plaintiff-appellant.
Carter, Archie, Hassell, & Holbrook, L.L.P., by Sid Hassell, Jr., for defendant-appellee.
CALABRIA, Judge.
April Peed Cumbo ("plaintiff") appeals an order modifying a previously entered child custody order awarding custody of her minor child to Donald Ray Cumbo ("defendant"). Plaintiff also appeals an order denying her motions under the North Carolina Rules of Civil Procedure, Rule 52, Rule 59, and Rule 60 and her motion to recuse. We affirm.
Plaintiff and defendant were married on 20 November 1997. Plaintiff and defendant are parents of a minor child born 22 August 2000. On 28 May 2004, the parties separated. On 5 October 2004, the parties signed a separation agreement to confirm their separation and settle property rights, debt obligations, and custody issues. Specifically, plaintiff and defendant agreed plaintiff would have primary custody of the minor child and defendant would have visitation privileges.
On 21 October 2004, plaintiff filed a complaint seeking exclusive care, custody and control of the minor child and seeking an order granting temporary and immediate custody of the minor child to the plaintiff. On 22 October 2004, at an ex parte hearing, plaintiff was awarded immediate physical custody of the minor child and a hearing was calendared for 28 October 2004 to give defendant an opportunity to show cause, if any, why plaintiff should not be awarded the immediate custody of the minor child.
The 28 October 2004 hearing was continued until 17 December 2004. At that time, the trial court signed a consent order since the parties agreed plaintiff should have primary custody and defendant would have visitation.
On 7 February 2007, defendant filed a motion seeking to modify the custody order and award temporary custody to defendant. Defendant alleged, inter alia, plaintiff was under investigation by the Department of Social Services for child neglect and was also in the hospital receiving treatment for a drug overdose. The same day, the trial court issued an ex parte emergency custody order granting defendant temporary custody until the court could hold a hearing on 19 February 2007. On 8 February 2007, defendant filed an amended motion in the cause to modify child custody asking the court for temporary and permanent custody of the minor child. On 13 February 2007, Steve Rader ("Mr. Rader"), plaintiff's counsel, moved to continue the 19 February 2007 custody hearing because counsel for defendant had previously obtained secured leave during that time. The trial court continued the hearing until 5 March 2007.
On 7 March 2007, the trial court continued the hearing to 9 April 2007, because Mr. Rader filed a motion to withdraw and plaintiff advised him that she was uncertain whether she would employ other counsel.
On 2 April 2007, the parties signed a Memorandum of Judgment agreeing that plaintiff would have supervised visitation with the minor child. The trial court entered an order based on the Memorandum on 17 April 2007, nunc pro tunc 2 April 2007. Plaintiff was represented by attorney Joseph Dupree ("Mr. Dupree") at that time.
On 25 May 2007, a hearing was set for 2 July 2007 on all pending matters in the case. A notice of hearing was mailed to Mr. Dupree, plaintiff's counsel, on 25 May 2007. On 18 June 2007, Mr. Dupree filed a motion to withdraw as attorney of record and calendared the motion for 2 July 2007.
On 30 July 2007, the trial court entered an order stating the "case peremptory set for August 13, 2007." The order also stated that Mr. Dupree's motion to withdraw as counsel was "to be reheard by trial court" and "the motion of attorney to withdraw was not argued at this term. But case is set for trial 8-13-07." Also on 30 July 2007, Mr. Rader filed a motion to continue and "notice of limited appearance" indicating he represented plaintiff on 30 July 2007 on a motion to continue "and for no other or further purpose." Mr. Rader requested a six-week continuance. Then, on 7 August 2007, Mr. Rader filed a motion to withdraw as counsel of record for the plaintiff.
On 13 August 2007, the trial court heard defendant's motion for modification of child custody. At the hearing, plaintiff initially was present, but she was not represented by counsel. Subsequently, plaintiff chose not to present any evidence or to attend the trial.
On 21 August 2007, the trial court entered an order allowing Mr. Dupree's motion to withdraw and denying plaintiff's motion to continue ("order allowing Mr. Dupree's Motion to Withdraw"). The order concluded that "Attorney Steven P. Rader has made a general appearance as counsel for the Plaintiff and has not sought the permission of the Court to withdraw his appearance as required by Rule 16 of the General Rules of Practice." The certificate of service indicates this order was mailed to both Mr. Dupree and Mr. Rader.
Also on 21 August 2007, the trial court entered a custody order "transfer[ring]" custody to defendant and ordering plaintiff to undergo random drug screens, participate in substance abuse treatment, obtain a mental health assessment, disclose her medical records to persons performing the assessments and cooperate in any treatment ("Custody Order"). The order also stated that plaintiff was not to communicate directly with the minor child until visitation was ordered. Plaintiff timely filed Rule 52(b), Rule 59 and Rule 60(b)(1)(4) and (6) motions for amendment of judgment, new trial and amendment of judgment, and relief from judgment. A notice of hearing for a 5 November 2007 hearing date was mailed on 12 September 2007 to plaintiff's counsel.
On 2 November 2007, plaintiff filed a motion asking the trial judge to recuse herself from hearing the Rule 52, Rule 59, and Rule 60 motions should the court conclude it could not be fair and impartial in deciding plaintiff's due process violations.
On 6 November 2007, the trial court denied plaintiff's Rule 52, Rule 59, and Rule 60 motions as well as her motion to recuse and noted that neither plaintiff nor her counsel were present at calendar call.
Plaintiff appeals the Custody Order and the 6 November 2007 order denying her motions.

I. Mr. Dupree's Motion to Withdraw
Plaintiff first argues the trial court violated her due process rights by allowing Mr. Dupree's Motion to Withdraw. However, plaintiff did not appeal the trial court's order allowing Mr. Dupree's Motion to Withdraw.
Plaintiff's Notice of Appeal states she appeals "from the Custody Order entered August 21, 2007 . . . and the Orders entered on November 6, 2007. . . ." There were two court orders entered on 21 August 2007. Although the order allowing Mr. Dupree's motion was one of the orders entered on 21 August 2007, the Notice of Appeal only states the appeal is from the Custody Order and does not include the order allowing the motion to withdraw. Therefore, we do not have jurisdiction over this issue and accordingly do not reach this argument. See N.C. R. App. P. 3(d) (2007) (the notice of appeal shall designate the judgment or order from which appeal is taken); Bailey v. State, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) ("In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3. . . . The provisions of Rule 3 are jurisdictional, and failure to follow the rule's prerequisites mandates dismissal of an appeal." (citations omitted)); Smith v. Independent Life Ins. Co., 43 N.C. App. 269, 272, 258 S.E.2d 864, 866 (1979) ("appellant must appeal from each part of the judgment or order appealed from . . . in order for the appellate court to be vested with jurisdiction to determine these matters"); see also Foreman v. Sholl, 113 N.C. App. 282, 439 S.E.2d 169 (1994) (while appeal will not be dismissed if intent to appeal from order is fairly inferred from the notice of appeal, where notice of appeal only specified appeal of entry of summary judgment it could not be fairly inferred to appeal denial motion to file supplemental pleading).
Since both orders were separately entered, even though both of them were dated 21 August 2007, in order to appeal both the motion to withdraw and the Custody Order, plaintiff needed to express her intent to appeal both orders. This assignment of error is dismissed.

II. Motion to Continue
Plaintiff next argues the trial court abused its discretion by denying plaintiff's oral motion to continue on 13 August 2007.
"The standard of review for denial of a motion to continue is generally whether the trial court abused its discretion." Morin v. Sharp, 144 N.C. App. 369, 373, 549 S.E.2d 871, 873 (2001). "Continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it." Shankle v. Shankle, 289 N.C. 473, 482, 223 S.E.2d 380, 386 (1976). Absent a manifest abuse of discretion, this Court will not disturb the trial court's decision to grant or deny a motion to continue.Atl. & E. Carolina Ry. Co. v. Wheatly Oil Co., 163 N.C. App. 748, 754, 594 S.E.2d 425, 429-30, disc. review denied, 358 N.C. 542, 599 S.E.2d 38 (2004) (quotation omitted).
Plaintiff cites Shankle v. Shankle and Smith v. Bryant, 264 N.C. 208, 141 S.E.2d 303 (1965) in support of her argument. In Shankle, the Supreme Court held the trial court abused its discretion in denying a motion to continue the trial where defense counsel withdrew from the case without any prior notice to the defendants on the day of trial. 289 N.C. at 486, 223 S.E.2d at 388. In Smith, the Supreme Court held denial of a motion to continue a trial was improper where defense counsel withdrew a day before trial. 264 N.C. at 212, 141 S.E.2d at 306. In contrast to Smith and Shankle, this Court in Roberson v. Roberson, 65 N.C. App. 404, 309 S.E.2d 520 (1983), determined where defendant had ample opportunity to locate new counsel, there was no abuse in discretionin denying defendant's oral motion to continue to find new counsel. In Roberson, defendant allowed her counsel to withdraw because she wanted to find new counsel, the trial court was informed defendant was in contact with other attorneys, and at the time the trial court allowed counsel to withdraw, it informed defendant she would have three weeks to locate new counsel. Id. at 406-07, 309 S.E.2d at 522.
We find the facts in this case are similar to the facts in Roberson. Here, the custody hearing had been continued several times prior to plaintiff's oral motion to continue. On 2 July 2007, the trial court continued the hearing for the fourth time at plaintiff's request. Also on 2 July 2007, the trial court informed the parties the matter would be the first case for hearing on 13 August 2007. On 8 August 2007, Mr. Rader indicated, in his motion to withdraw, that plaintiff told him she would not expect Mr. Rader to represent her at the 13 August 2007 trial date and advised him that she was hiring another attorney. On 13 August 2007, the trial court asked plaintiff whether she understood that Mr. Rader represented her for the limited purpose of a motion to continue only and she responded in the affirmative. The trial court did not abuse its discretion since plaintiff's counsel moved to continue the matter twice and plaintiff was aware that Mr. Rader not only moved to withdraw, but also communicated to plaintiff that his prior representation was on a limited basis. Mr. Dupree filed his motion to withdraw several weeks prior to 13 August 2007. This assignment of error is overruled.

III. Due Process
Plaintiff next argues her due process rights were violated by the trial court's denial of her Rule 52, Rule 59, Rule 60 motions and her motion to recuse. We disagree.
Plaintiff filed motions under North Carolina Rules of Civil Procedure, Rule 52(b), Rule 59, and Rule 60(b)(1)(4) and (6) on 31 August 2007. On 12 September 2007, defense counsel filed a notice of hearing for plaintiff's motions set for 5 November 2007. The Notice of Hearing was served on plaintiff's counsel on 12 September 2007. On 2 November 2007, plaintiff's counsel filed a "Motion for Trial Court Recusal to Hear Rule 50 Motion for New Trial and Rule 60 Motion for Relief from Judgment." At the hearing on 5 November 2007, plaintiff and plaintiff's counsel were not present. The trial court denied plaintiff's motions.
The fundamental premise of procedural due process is notice and an opportunity to be heard at a meaningful time and in a meaningful matter. Summers v. City of Charlotte, 149 N.C. App. 509, 518, 562 S.E.2d 18, 24 (2002).
Plaintiff asserts in her brief that her counsel appeared at the calendar call on 2 November 2007 but was not instructed to appear in court on 5 November 2007. Plaintiff contends since she was not instructed to appear on 5 November 2007, her absence from court on that date "did not constitute a failure to appear and prosecute" the pending motions.
We disagree. Plaintiff had adequate notice of the 5 November 2007 hearing. The certificate of service on the Notice of Hearing indicates defendant's counsel mailed it to plaintiff's counsel on 12 September 2007. The Notice of Hearing specified the hearing was to be held on 5 November 2007 "or as soon thereafter as counsel may be heard." The trial court delayed hearing the motions until mid-morning, at which time counsel for plaintiff had still not appeared or communicated with the court. This assignment of error is overruled.
Affirmed.
Judges McCULLOUGH and TYSON concur.
Report per Rule 30(e).