ROBERT L. SKELLY v. JENNIFER FRYE SKELLY

No. COA11-150

(Filed 20 September 2011)

**Pretrial proceedings—motion to continue—attorney's intention to withdraw—no reasonable notice given**

The trial court erred in a child custody case by denying defendant's motion to continue. Although defendant was given notice of her attorney's intention to withdraw from the case, defendant

was not given reasonable notice nor adequate opportunity to secure other counsel.

Appeal by Defendant from orders entered 15 February 2010 and 3 September 2010 by Judge Burford A. Cherry in Burke County District Court. Heard in the Court of Appeals 23 May 2011.

*James, McElroy & Diehl, P.A., by Preston O. Odom, III, and G. Russell Kornegay, III, for Defendant.*

*Kuehnert & Jones, PLLC, by Jonathan L. Jones, for Plaintiff.*

THIGPEN, Judge.

Jennifer Frye Skelly ("Defendant") appeals from a custody order granting Robert L. Skelly ("Plaintiff") custody of their two minor children and an order denying Defendant's post-trial motions. On appeal, Defendant argues she was not provided reasonable notice of the withdrawal of her attorney, such that the trial court's denial of her motion to continue was an abuse of discretion. We agree.

Plaintiff filed a complaint against Defendant on 6 August 2009, seeking custody of and support for their two minor children. On 17 September 2009, the trial court entered a temporary custody order awarding the parties joint legal and physical custody of the children consistent with a separation agreement executed on 23 March 2009.

On 4 February 2010, counsel for Defendant moved to continue the trial because Defendant sought to retain new counsel. The trial court denied the motion, and called the case for trial on 10 February 2010. On 10 February 2010, the following colloquy ensued:

JUDGE CHERRY: Robert Skelly and Jennifer Skelly.

MR. [BEYER]: Your Honor, this morning, I filed a Motion to Withdraw, and I have a proposed Order. Ms. Skelly has asked that I do so.

JUDGE CHERRY: Ma'am, do you understand that if I let your lawyer out, I'm not continuing the case?

MR. [BEYER]: Well, Your Honor, on her behalf, at the time of the docket call last week, the matter was left open, and I informed the Court that she wished to discuss her matter with someone else. And I believe she may have—hasn't had much chance to do that. I don't know that the parties would be significantly preju-

**SKELLY v. SKELLY**

[215 N.C. App. 580 (2011)]

diced by the matter not being heard today in that they share custody of the children. So, it's not as if either one is going to keep the children from the other in the interim. But in any event, I'd ask that the Court enter that Order at her request and mine.

JUDGE CHERRY: Mr. Jones, do you want to be heard?

MR. JONES: Your Honor, we just indicate the same thing we did the other day; we're ready. You may recall we were in the same situation last time. We were ready then, and the Court—It really wasn't their fault that time. The last time it was a matter of scheduling that we ended up not having enough time to start it and try it, but we were here, ready then, too.

JUDGE CHERRY: Okay. Ma'am I'm not going to continue the case. Do you want me to sign this Order allowing your lawyer to withdraw?

MS. SKELLY: What does that mean? I'm not—I don't—I need—

JUDGE CHERRY: It means you're going to be representing yourself, ma'am.

MS. SKELLY: Oh, well, then, No. No, sir.

MR. BEYER: That puts me in the position of not having prepared for today.

JUDGE CHERRY: Well, ma'am, did you tell him you didn't want him to represent you?

MS. SKELLY: Yes. I told him that last Thursday—or Wednesday.

JUDGE CHERRY: Okay. Well, I'm going to let him withdraw then, because you've indicated to him you don't want him to be your lawyer. Mr. Jones, I believe you're the Plaintiff.

MR. JONES: We're ready, Your Honor.

JUDGE CHERRY: Call your first witness.

MR. JONES: Your Honor, we would call Ms. Skelly.

JUDGE CHERRY: Come around and be sworn, please, ma'am.

On 15 February 2010, the trial court entered a custody order awarding Plaintiff custody of the children and dismissing, without prejudice, Plaintiff's claim for child support. The custody order allowed Defendant visitation privileges with the children and did not

expressly deny her claim for child custody or address her claim for attorneys' fees. On 19 February 2010, Defendant filed a motion to stay, a motion for a new trial, a motion for relief from the judgment or order, and a supporting affidavit. On 3 September 2010, the trial court denied the foregoing motions. On 30 September 2010, Defendant filed notice of appeal specifically designating the following issues for appeal: the denial of her first continuance request; the order permitting counsel for Defendant to withdraw on the day of trial; the denial of her second continuance request; the post-trial order; and pursuant to N.C. Gen. Stat. § 1-278, "any and all intermediate orders involving the merits and necessarily affecting the aforementioned rulings." On 11 October 2010, Defendant filed a supplemental notice of appeal specifically designating her appeal from the custody order. Defendant also filed a notice of voluntary dismissal without prejudice of her claims for child support and attorneys' fees.

## I: Appealability

Preliminarily, we address the question of whether the appeal in this case was properly taken. Defendant contends, and Plaintiff does not dispute, that the appeal is not interlocutory and that notice of appeal of the custody order was timely. We agree that the appeal is properly before this Court.

## II: Motion to Continue

In Defendant's first argument, she contends the trial court erred by denying Defendant's motion to continue. We agree.

N.C. Gen. Stat. § 1A-1, Rule 40(b) (2009) provides, in pertinent part, the following: "No continuance shall be granted except upon application to the court[;] [a] continuance may be granted only for good cause shown and upon such terms and conditions as justice may require."

"Whether to grant a motion to continue is within the sound discretion of the trial court." *Brown v. Rowe Chevrolet-Buick, Inc.*, 86 N.C. App. 222, 224, 357 S.E.2d 181, 183 (1987) (citations omitted). However, the trial court's "discretion is not unlimited, and must not be exercised absolutely, arbitrarily, or capriciously, but only in accordance with fixed legal principles." *Shankle v. Shankle*, 289 N.C. 473, 483, 223 S.E.2d 380, 386 (1976) (quotation omitted). "Our standard of review for a trial court's denial of a motion to continue is abuse of discretion." *Kimball v. Vernik*, ___ N.C. App. ___, ___, 703 S.E.2d 178, 181 (2010) (citation omitted).

After an attorney has made "a formal appearance" on his client's behalf, he is not "at liberty to abandon [his client's] case without (1) justifiable cause, (2) reasonable notice to [his client], and (3) the permission of the court." *Smith v. Bryant*, 264 N.C. 208, 211, 141 S.E.2d 303, 305 (1965) (citations omitted).

On appeal, Defendant does not contest that the attorney had "justifiable cause" to withdraw: Defendant sought to retain different counsel. *County of Wayne ex rel. Scanes v. Jones*, 79 N.C. App. 474, 475, 339 S.E.2d 435, 436 (1986) ("It appears from the record that the defendant in this case told his attorney that he did not require his services any longer, which constitutes just cause for the attorney's withdrawal within the meaning of the rule."). However, Defendant contests that she was not provided "reasonable notice[.]" "[T]he attorney must give specific and reasonable notice so that the client may have adequate time to secure other counsel[.]" *Bryant*, 264 N.C. at 211, 141 S.E.2d at 306.

The evidence here tends to show that at 8:00 a.m. on 3 February 2010, Defendant met with her counsel, Mr. Beyer, and asked Mr. Beyer to seek a continuance in order for her to seek the advice of new counsel. Defendant called Mr. Beyer's office the same afternoon to inquire about the status of the continuance, and Mr. Beyer's paralegal told Defendant that Mr. Beyer would make the motion to continue at the calendar call the next day. On 4 February 2010, Mr. Beyer moved to continue the trial because Defendant sought to retain new counsel. The trial court denied the motion and scheduled the case for trial on 10 February 2010. Defendant called Mr. Beyer's office at 11:30 a.m. on 4 February 2010, and Mr. Beyer's paralegal informed Defendant that Mr. Beyer was still in court and that she did not know the status of the continuance. Defendant received no communication from Mr. Beyer or his staff between 4 February 2010 and 9 February 2010. At 2:40 p.m. on 9 February 2010, Mr. Beyer's paralegal told Defendant by telephone the trial was not continued but would be held the next morning, on 10 February 2010. The paralegal also instructed Defendant to stop by Mr. Beyer's office before trial the next morning, sign his motion to withdraw, and appear before the court to personally seek a continuance. Defendant followed these instructions. At trial on 10 February 2010, the trial court granted Mr. Beyer's motion to withdraw, but denied Defendant's motion to continue.

Defendant cites *Williams & Michael, P.A. v. Kennamer*, 71 N.C. App. 215, 321 S.E.2d 514 (1984) in her brief, proposing that Mr. Beyer

gave Defendant no prior notice of his intent to withdraw, and therefore, the trial court was without discretion and required to continue the case. *Id.* at 217, 321 S.E.2d at 516 ("Where an attorney has given his client no prior notice of an intent to withdraw, the trial judge has no discretion[;] [t]he Court must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal."). We believe the foregoing proposition of law in *Kennamer* is inapplicable in this case. Defendant was on notice of Mr. Beyer's withdrawal on 3 February 2010 when she told Mr. Beyer that she intended to seek the advice of new counsel. *See Jones*, 79 N.C. App. at 475, 339 S.E.2d at 436 (stating the defendant received "notice of his attorney's withdrawal as evidenced by the defendant's statement in court that he did not want a lawyer"). The pertinent question, therefore, is not whether Defendant had notice of Mr. Beyer's withdrawal, but rather, whether the notice was *reasonable*. Our case law shows the reasonableness of notice often hinges on whether the party had an adequate opportunity to locate new counsel. *See Bryant*, 264 N.C. at 211, 141 S.E.2d at 306 (holding the denial of a motion to continue a trial was improper where defense counsel withdrew a day before trial and stating "the attorney must give specific and reasonable notice so that the client may have adequate time to secure other counsel"); *compare, Jones*, 79 N.C. App. at 475, 339 S.E.2d at 436 (stating the defendant "received reasonable notice of his attorney's withdrawal as evidenced by the defendant's statement in court [on 10 April 1985] that he did not want a lawyer[,]" after which the case proceeded to trial two weeks later, on 24 April 1985, and holding that the denial of the defendant's motion for a continuance to obtain new counsel on 24 April 1985 was not error, in part because the defendant had earlier informed the court he "intended to proceed unrepresented"); *Roberson v. Roberson*, 65 N.C. App. 404, 406-07, 309 S.E.2d 520, 522 (1983), *disc review denied*, 310 N.C. 626, 315 S.E.2d 691-92 (1984) (holding the trial court did not err in denying respondent's motion to continue when "respondent chose to allow her attorney of record to withdraw so that she could find more suitable counsel"; respondent "indicated to the court that respondent had already been in contact with other attorneys"; and "[r]espondent was informed [by the court] that she would have three weeks to locate new counsel"). In this case, Defendant was on notice of the withdrawal of Mr. Beyer as counsel on 3 February 2010, one week before the court date. However, the record shows that Mr. Beyer did not inform Defendant that the trial court had denied Defendant's motion to continue until 9 February 2010, the day before the trial. Defendant's reliance on Mr. Beyer to

inform her that the motion for a continuance had been denied, which he did not do until the day before trial, essentially reduced Defendant's time to retain new counsel to less than one day.

Plaintiff cites *Pickard Roofing Co. v. Barbour*, 94 N.C. App. 688, 692, 381 S.E.2d 341, 343 (1989) for the proposition that "an attorney's withdrawal from a case on the eve of trial is not *ipso facto* grounds for a continuance." We believe *Pickard Roofing* is distinguishable from the present case. In *Pickard Roofing*, "one day before the trial was scheduled to commence, defendant relieved his counsel of his duties[,]" and the defendant's counsel filed a motion to withdraw and a motion for a continuance the next day. *Id.* at 690, 381 S.E.2d at 342-43. The court allowed counsel's motion to withdraw but denied the defendant's motion for a continuance. *Id.* The trial court stated the defendant "should have made a decision with respect to representation by counsel prior to the eve of trial[,]" and "[n]o circumstances beyond the control of the defendant have prevented him from appearing in court with an attorney of his choice." *Id.* at 691, 381 S.E.2d at 343. This Court, on appeal, stated the defendant in *Pickard Roofing* "overemphasizes the fact that his attorney was allowed to withdraw the day before the trial was scheduled to commence[,] [and] simultaneously de-emphasizes the reason why the attorney withdrew, because defendant terminated his employment." *Id.* at 692, 381 S.E.2d at 343.

The present case and *Pickard Roofing* have similarities: The defendant in *Pickard Roofing* fired his counsel the day before trial, and Defendant here told Mr. Beyer of her desire to seek the advice of new counsel the day before the calendar call on 4 February 2010. However, unlike in *Pickard Roofing*, where there was no evidence that notice of withdrawal was unreasonable, the evidence in this case shows that Mr. Beyer, knowing Defendant wanted to seek the advice of other counsel, had six days to inform Defendant that her motion to continue was denied, and he failed to inform Defendant until the fifth day, 9 February 2010, which was the day before trial. Furthermore, unlike *Pickard Roofing*, where the defendant unequivocally fired his attorney, the evidence here shows Defendant asked Mr. Beyer "if he would ask for a continuance for me so that I could seek advice from a different attorney[,]" after which Mr. Beyer's staff instructed Defendant "to come by [the] office . . . and sign" the motion to withdraw. Defendant relied on Mr. Beyer and his staff, "expect[ing] to come in the courtroom and ask Judge Cherry for a continuance and for it to be granted." Defendant said Mr. Beyer "never gave me any indication that [the continuance] wouldn't happen or that the trial

**SKELLY v. SKELLY**

[215 N.C. App. 580 (2011)]

would be held that morning." When asked, "How much notice did you have . . . that you were going to be trying this case by yourself[,]" Defendant replied, "Two minutes." Furthermore, unlike in *Pickard Roofing*, where there is no indication that the defendant disputed the withdrawal of his counsel or disputed proceeding to trial *pro se*, the circumstances of this case show that Defendant revoked her consent of the withdrawal of Mr. Beyer:

> The Court: . . . Do you want me to sign this Order allowing your lawyer to withdraw?
>
> Defendant: What does that mean? . . .
>
> The Court: It means you're going to be representing yourself, ma'am.
>
> Defendant: Oh, well, then, No. No, sir.

Based on the unique facts of this case, and taking into consideration that Defendant did not know her motion to continue had been denied until the day before trial because Mr. Beyer failed to inform her, we believe Defendant had neither "reasonable notice" of withdrawal nor an adequate opportunity to secure other counsel. As such, we conclude the trial court abused its discretion by denying Defendant's motion for a continuance. Defendant was entitled to a reasonable opportunity to obtain new counsel, which she did not receive. Therefore, we reverse the 15 February 2010 custody order and remand for further proceedings.

REVERSED and REMANDED.

Chief Judge MARTIN and Judge STEPHENS concur.