An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-960
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

CYNTHIA S. SHACKELFORD,
      Plaintiff-Appellant,

v.                                    Guilford County
                                      No. 07 CVD 12047
ANNE LUNDQUIST,
      Defendant-Appellee.


Appeal by Defendant from amended order and amended judgment entered 19 March 2010, and order entered 9 April 2013 by Judge Betty J. Brown in District Court, Guilford County. Heard in the Court of Appeals 18 February 2014.


    *Hill Evans Jordan & Beatty, PLLC, by William W. Jordan and Ashley D. Bennington, for Plaintiff-Appellee.*

    *Woodruff Law Firm, PA., by Carolyn J. Woodruff and Jessica S. Bullock, for Defendant-Appellant.*


    McGEE, Judge.


    A jury determined on 16 March 2010 that Anne Lundquist ("Defendant") had committed the torts of alienation of affection and criminal conversation, and that Defendant intentionally or recklessly inflicted emotional distress on Cynthia S. Shackelford ("Plaintiff"). The jury awarded Plaintiff

$5,000,000.00 in compensatory damages, and $4,000,000.00 in punitive damages. Defendant was not at the trial, and was not represented by counsel at that time.

Plaintiff and Allan L. Shackelford ("Mr. Shackelford") were married on 23 December 1972, and subsequently had two children. In Plaintiff's complaint, filed 9 November 2007, Plaintiff alleged that, while she and Mr. Shackelford were still married, Defendant and Mr. Shackelford began an affair, perhaps as early as November 2004.

According to Plaintiff's complaint, Defendant "began and continued a course and pattern of conduct" that "interfered with the loving marital relationship that existed between" Plaintiff and Mr. Shackelford. Plaintiff alleged claims for alienation of affection, criminal conversation, and intentional infliction of emotional distress based upon the alleged actions of Defendant and requested a trial by jury.

Defendant was served with Plaintiff's complaint on 20 November 2007. At that time Plaintiff lived in Guilford County and Defendant lived in Aurora, New York. Defendant did not retain counsel, and did not file an answer to Plaintiff's complaint. Defendant did mail a *pro se* "Motion for Extension of Time to Respond," which was filed on 27 December 2007, and in which Defendant requested additional time to file an answer.

The Guilford County Clerk of Superior Court ("Clerk of Court") rejected Defendant's 27 December 2007 motion on the basis that it "was filed late." Defendant sent a second letter to the Clerk of Court, which was filed 14 January 2008, and in which Defendant stated any delay in the filing of her 27 December 2007 motion "was unforeseen and excusable[,]" and she requested that the clerk's office inform her "of what steps I need to take to comply with the court's procedures to have my motion considered to have been filed timely." Defendant then mailed a "Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Failure to State a Claim," which was filed 22 January 2008. The Clerk of Court responded to Defendant's letter on 22 January 2008 by stating: "You would need to consult an attorney regarding your motion to extend time which was filed late – how to have it heard." Once again, Defendant responded with a letter to the Clerk of Court, filed 11 February 2008, in which she stated that "since I am not represented by counsel," could the office of the Clerk of Court "provide some simple direction as to how I can correct this situation without my having to spend money that I do not have to hire an attorney to do this for me?"

Defendant apparently made no more inquiries into the matter until she sent another letter to the Clerk of Court filed 12 February 2010. This letter appears to have been sent mainly in

response to "a notice [sent to Defendant] from the court that this matter had been placed on the December [2009] Clean-Up Calendar." Defendant stated she had received this notice in November 2009. Defendant's 12 February 2010 letter, mailed approximately two months after the matter was heard on 11 December 2009, requested an update on "the status of this matter," and further requested a response to Defendant's 11 February 2008 letter. Following a hearing on 11 December 2009, the trial court entered an order in which it noted that Plaintiff's attorney was present but that no one was present for Defendant. In that order, the trial court also set the matter for a jury trial at the March 2010 session of district court.

According to a letter Defendant wrote to Plaintiff's counsel, dated 26 February 2010, Defendant indicated she had received actual notice by at least 19 February 2010 that the matter had been scheduled for trial in March. Defendant mailed an "Emergency Motion for Continuance[,]" which was filed 1 March 2010, requesting she be granted additional time to file an answer, and be allowed "to complete [her] job responsibilities for this academic year and then the opportunity to secure relevant documentation and arrange for testimony by appropriate witnesses to defend [her]self in this case." Defendant also requested that the trial court make a ruling on her 22 January

2008 motion to dismiss, though Defendant still did not attempt to calendar that motion for a hearing. Defendant did not retain counsel to assist in any of these legal matters.

The trial court entered an amended order on 19 March 2010 in response to Defendant's motion to continue, in which it stated:

> This cause . . . being heard and tried . . . on March 15, 2010 . . . and notwithstanding the fact that [Defendant] has not filed a notice of hearing her said motion and has made no appearance to argue the same and did not appear at the call of the calendar for the March 1, 2010, session of District Court which took place on February 22, 2010, the Court, having nevertheless reviewed the file and the specific terms of the order entered in this cause at the clean-up calendar pretrial of this action on December 11, 2009, at which [Defendant] also failed to appear or have counsel present representing her, finds and concludes that the order entered on December 11, 2009 . . . takes priority over any local rule pertaining to the setting of this matter for trial, and therefore [Defendant's] motion to continue the trial of this action set for March 15, 2010, should be denied.

Plaintiff's action was tried on 15-16 March 2010, without any involvement by Defendant. The jury found for Plaintiff on all three claims, and awarded $5,000,000.00 in compensatory damages and $4,000,000.00 in punitive damages. An amended judgment was entered 19 March 2010.

Defendant finally retained counsel and filed a "Motion

Pursuant to Rule 52, Rule 59 and Rule 60" on 25 March 2010, in which she requested that the trial court vacate the judgment and amended judgment, vacate the 17 March 2010 order and the 19 March 2010 amended order, and grant Defendant a new trial. In the alternative, Defendant requested that the trial court amend its judgment to reduce the award to Plaintiff to $1.00. The trial court, by order entered 9 April 2013, denied Defendant's 25 March 2010 motion in its entirety. Defendant appeals. Additional relevant facts will be included in the body of the opinion.

I.

Defendant's first, second, fourth, and fifth arguments involve constitutional questions that were not raised at the trial level. Because Defendant failed to raise these arguments at trial and therefore obtained no ruling on these issues, they have not been preserved for appellate review. N.C.R. App. P. 10(a)(1) (2014) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion."); *In re Bullock*, __ N.C.

App. __, __, 748 S.E.2d 27, 33, *disc. review denied*, __ N.C. __, 752 S.E.2d 149 (2013). Defendant's first, second, fourth, and fifth arguments are therefore dismissed.

II.

Defendant's third argument also involves a constitutional question not raised at trial, but because Defendant asserts the trial court lacked subject matter jurisdiction, we address this argument. Defendant argues that "the laws of alienation of affection and criminal conversation are unconstitutional" and thus claims pursuant to these laws could not vest subject matter jurisdiction in the trial court. In light of North Carolina Supreme Court precedent, we disagree.

Defendant argues that the trial court lacked "subject matter jurisdiction to enter judgment against . . . Defendant because the laws of alienation of affection and criminal conversation are unconstitutional[.]" However, Defendant provides no citation to authority for this proposition, and we can find none. The Third Circuit has stated: "When disposing of a claim brought under an unconstitutional statute, courts ordinarily deny the claim on the merits, on the ground that the statute under which relief is sought is unconstitutional, rather than for lack of subject matter jurisdiction." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 82 (3d Cir. 2003) (citations

omitted). Our Supreme Court has acted in accordance with this statement. *See*, e.g., *Williams v. Blue Cross Blue Shield of N.C.*, 357 N.C. 170, 192, 581 S.E.2d 415, 430-31 (2003). Even if we were to hold that the laws of alienation of affection and criminal conversation are unconstitutional, which we are clearly without authority to do, *Cannon*, 313 N.C. at 324, 327 S.E.2d at 888, we would be exercising our jurisdiction to reach that conclusion. Because Defendant's argument does not touch on the jurisdiction of this Court, and because Defendant did not raise the underlying argument at the trial level, Defendant has abandoned this argument. N.C.R. App. P. 10(a)(1); *Bullock*, __ N.C. App. at __, 748 S.E.2d at 33.

## III.

In Defendant's sixth argument, she contends the trial court erred in denying her emergency motion for a continuance. We disagree.

> N.C. Gen. Stat. § 1A-1, Rule 40(b) (2009) provides, in pertinent part, the following: "No continuance shall be granted except upon application to the court[;] [a] continuance may be granted only for good cause shown and upon such terms and conditions as justice may require." "Whether to grant a motion to continue is within the sound discretion of the trial court."

*Skelly v. Skelly*, 215 N.C. App. 580, 583, 715 S.E.2d 618, 620 (2011) (citations omitted).

This action was filed on 9 November 2007. Defendant was served with summons and complaint on 20 November 2007. Defendant mailed a "Motion for Extension of Time to Respond" dated 18 December 2007, which was filed 27 December 2007. The Clerk of Court returned the motion to Defendant because: "The Motion for Extension of Time to Respond was filed late." In Defendant's 14 January 2008 letter to the Clerk of Court she stated: "I am not an attorney, and would appreciate your informing me of what steps I need to take to comply with the court's procedures to have my motion considered to have been filed timely." The Clerk of Court responded, informing Defendant that Defendant "would need to consult an attorney regarding your motion to extend time which was filed late – how to have it heard." Defendant also filed a motion to dismiss the complaint on 22 January 2008 "for lack of personal jurisdiction and failure to state a claim." Defendant again mailed correspondence to the Clerk of Court, filed 11 February 2008, in which Defendant again stated she was not an attorney and could not afford one, and requested "some simple direction as to how I can correct this situation without my having to spend money that I do not have to hire an attorney to do this for me[.]" There is no record evidence of a response to this letter, and Defendant states that no response was made.

Defendant did nothing more until after she received notice in November 2009 "that this matter had been placed on the December [2009] Clean-Up Calendar." Apparently, Defendant did nothing in response to this notice until after the December 2009 hearing had occurred. This hearing took place 11 December 2009 and the trial court noted that, though Plaintiff's attorney was there, "no one" was present for Defendant. Defendant claims she "never received any notice of the December 11, 2009 court date" and never received a copy of the continuance order that was filed 11 December 2009 which set the matter for a jury trial at the March 2010 session of district court. However, Defendant again sent a letter to the Clerk of Court, reiterating that she did not have counsel. In that letter, dated 8 February 2010 and file-stamped 12 February 2010, Defendant acknowledged having received "notice from the court that this matter had been placed on the December Clean-Up Calendar" and stated she "would appreciate" an update on the "status of this matter." Defendant made this inquiry nearly two months after the hearing had occurred. Defendant also stated she had never received a response to her last correspondence — her letter filed 11 February 2008 — and requested "follow-up regarding that letter also." Further, a copy of the continuance order filed 11 December 2009, which set a jury trial for the matter at the

March 2010 session of district court, is contained in the record, though we have no information regarding how Defendant obtained it. Defendant does state in an affidavit that had she "been aware of [the 11 December 2009] Order, [she] would have started to prepare for the upcoming trial and would have most likely been in contact with an attorney to represent [her] at that point." Again, according to Defendant's affidavit:

> To [her] complete surprise, on Friday afternoon, February 19, 2010, [she] received another . . . Calendar for the March 1, 2010 session of District Court . . . . This Calendar was dated February 9, 2010. The Calendar indicated that calendar call would be held in Courtroom 2E on Monday, February 22, 2010 at 9:00 a.m.

Defendant states that she "immediately filed an Emergency Motion for Continuance" on 26 February 2010. However, this was four days after the date she claims was the "calendar call" for the 1 March 2010 session, and a full week after the date Defendant claims she received notice for the upcoming calendar. Defendant apparently did not use that time to hire an attorney who could advise her and act on her behalf to insure her interests were properly represented.

Defendant then sent a letter, dated 26 February 2010, to Plaintiff's counsel. In this approximately five-page letter ("the letter"), Defendant attempted to explain the difficulties she had had in attempting to respond to Plaintiff's complaint,

and the difficulties she had had in attempting to elicit help from the Clerk of Court.  Defendant also explained:

> I heard absolutely nothing further about this case for almost two years until I received a copy of the Court's December Clean-Up Calendar in November 2009.  I assumed, apparently incorrectly, that the two-year delay, during which time you and your client did nothing further in this matter, and then the case being placed on the Clean-Up Calendar meant that [Plaintiff] had decided not to pursue this cause of action any further.

Defendant does not include a copy of the "December Clean-Up Calendar" in the record, so we do not know precisely what information that calendar conveyed to Defendant, other than that this matter had been scheduled for hearing in December 2009. Defendant further argued her belief that she should be granted a continuance, stating:

> Because of the unanticipated and unknown circumstances I have continued to face in this matter, I never filed an answer to [Plaintiff's] complaint.  This is because I do not know, even at this point in time, if the Court has ruled or whether it intends to consider and rule on my Motion to Dismiss[.] I have been left to presume that it is possible that the Court has chosen to ignore this motion in view of the Court's questionable decision that my Motion for Extension of Time to Respond was somehow filed late and its inexplicable response to my efforts to correct this purely administrative issue.

In the letter, Defendant also argued the merits of the action against her to Plaintiff's attorney. Defendant's "Emergency Motion for Continuance" stated that her "reasons, rationale and conditions" in support of her motion "are contained in [her] letter to [P]laintiff's attorney transmitted to him this date and enclosed as Attachment A to this motion."

"'[A] party to a lawsuit must give [the suit] the attention a prudent [person] gives to [that person's] important business.'" *Carolina Forest Ass'n v. White*, 198 N.C. App. 1, 15, 678 S.E.2d 725, 735 (2009) (citation omitted); *see also Pepper v. Clegg*, 132 N.C. 312, 316, 43 S.E. 906, 907 (1903). Defendant has failed to attend to her rights in this matter.

> "Continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it." These grounds include a showing of good cause and just terms. N.C.G.S. § 1A-1, Rule 40(b) of the North Carolina Rules of Civil Procedure. Good faith and due diligence are also required of the movant. "The chief consideration to be weighed in passing upon the application is whether the grant or denial of a continuance will be in furtherance of substantial justice." Continuances are "not reviewable absent a manifest abuse of discretion."

*McDonald v. Taylor*, 106 N.C. App. 18, 22, 415 S.E.2d 81, 83 (1992) (citations omitted). Defendant has failed in her burden of showing due diligence in her response to Plaintiff's action,

and Defendant has failed in her burden of showing good cause and that the trial court abused its discretion in denying Defendant's last-minute motion for a continuance. Defendant has not shown any violation of her right to due process under the Fourteenth Amendment. Defendant has demonstrated that she eschewed the advice of the Clerk of Court to seek advice from an attorney, even though Defendant stated in her affidavit that had she had more specific notice of the December 2009 hearing she would most likely have obtained the services of an attorney. *See Creasman v. Creasman*, 152 N.C. App. 119, 125, 566 S.E.2d 725, 729 (2002) ("failure to obtain an attorney or seek legal advice is not excusable neglect" for the purposes of a Rule 60(b) motion). When Defendant was again put on notice of an upcoming court date, she once again relied solely on her own letters and motions, mailed to the Clerk of Court or Plaintiff's attorney, to seek advice or assistance in attending to her rights. Plaintiff's attorney's obligation was to Plaintiff, not Defendant, and dispensing legal advice is not one of the duties of a clerk of court. N.C. Gen. Stat. Chapter 7A, Article 12 (2013); N.C. Gen. Stat. § 84-4 (2013).

Defendant argues that the Clerk of Court failed to comply with the Case Management Rules of the Eighteenth Judicial District, and thus she should have been granted a continuance.

Defendant cites to no authority for the proposition that failing to comply with local rules regarding case management requires a trial court to grant a continuance, and we are aware of none. Further, the rule that Defendant claims was in effect at the relevant time[1] was not violated according to Defendant's own recitation of the facts. According to the rule as cited by Defendant:

> The Case Manager shall publish preliminary Trial Calendars four (4) weeks prior to the start of the session and preliminary Motion Calendars two (2) weeks prior to the start of the session. The Clerk of Superior Court shall distribute the Preliminary Calendars to all attorneys and unrepresented parties having a case or cases thereon.

Defendant does not contend there was a failure to publish the preliminary trial calendar at least four weeks prior to the start of the session. Defendant argues that the preliminary trial calendar was not mailed to her until 10 February 2010, "less than three (3) weeks prior to the start of the session." The rule, as presented by Defendant, required that the preliminary trial calendar be published four weeks prior to the beginning of the session, which is not disputed, and that this

---

[1] The case management rules for the Eighteenth Judicial District are posted online at http://www.nccourts.org/Courts/CRS/Policies/LocalRules/Documents/1597.pdf. However, these rules were amended effective 1 January 2014, and the current rules do not mirror the rules as cited by Defendant.

preliminary calendar was "distributed" to Defendant, which Defendant plainly states was done. Defendant has failed to show any violation of the local rules, much less that any such violation required the trial court to grant her request for an emergency continuance.

Further, Defendant fails to cite any authority in support of her challenge to the basis for the trial court's ruling – that the 11 December 2009 order setting this matter for trial "takes priority over any local rule pertaining to the setting of this matter for trial[.]" *Goodson v. P.H. Glatfelter Co.*, 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 (2005) ("It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein."). This argument is without merit.

IV.

In Defendant's seventh argument, she contends the trial court erred in denying her motions pursuant to N.C. Gen. Stat. § 1A-1, Rules 52, 59, and 60 of the North Carolina Rules of Civil Procedure. We disagree.

Because Defendant argues the trial court erred in denying her motions to set aside judgment and order a new trial based upon "the lack of any notice whatsoever of the March 15, 2010 trial date," we find no merit in Defendant's argument. As we

have discussed above, if Defendant was unaware of the trial date in this matter, it was a result of Defendant's own lack of diligence, not a result of any lack of notice beyond Defendant's control. The trial court did not err in denying Defendant's motions pursuant to Rules 52, 59, and 60 of the North Carolina Rules of Civil Procedure. Defendant's argument is without merit.

V.

In Defendant's final argument, she contends the trial court erred in failing to rule on her 22 January 2008 motion to dismiss. We disagree.

Defendant never calendared this motion for a hearing. She cannot now complain that the trial court erred in not ruling on a motion that was never heard due to Defendant's lack of diligence. *Pepper*, 132 N.C. at 316, 43 S.E. at 907; *see also Alekman v. Ashley's Lawn Care & Landscaping, Inc.*, 185 N.C. App. 158 (2007) (unpublished opinion). Defendant's argument is without merit.

No error.

Judges STEELMAN and ERVIN concur.

Report per Rule 30(e).